Becker v. State













COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

THE STATE OF TEXAS,                                   )                  No. 08-03-00216-CR
)
                                    Appellant,                        )                              Appeal from
)
v.                                                                          )                  383rd District Court
)
ALEXANDER JIMENEZ,                                  )                  of El Paso County, Texas
)
                                    Appellee.                          )                  (TC# 20010D3481)

O P I N I O N

            The State of Texas appeals from an order dismissing an indictment. The sole issue in the
case is whether the State may maintain a barratry prosecution against a chiropractor who has
allegedly solicited business for an attorney where he acted with the intent that the attorney would
refer the clients back to the chiropractor for chiropractic treatment. Answering this question in the
affirmative, we reverse.
FACTUAL SUMMARY
            A grand jury returned a three-paragraph indictment against Jimenez, a chiropractor, alleging
that he had committed barratry.


 The indictment alleged that Jimenez, from February 1, 1998
through September 17, 1999:
Paragraph A
did then and there, with intent to obtain an economic benefit, pay or offer to pay
IRMA ESCANDON money to solicit employment, and the Defendant’s conduct was
not authorized by the Texas Disciplinary Rules of Professional Conduct or any rule
of court,

Paragraph B
did then and there, knowingly finance the solicitation of employment, in violation of
section 38.12(a) of the Texas Penal Code, by IRMA ESCANDON for JAMES
CROOK, an attorney licensed to practice law in the State of Texas, and the
Defendant’s conduct was not authorized by the Texas Disciplinary Rules of
Professional Conduct or any rule of court,

Paragraph C
did then and there, knowingly invest in funds that the Defendant knew or believed
were intended to further the payment of money to IRMA ESCANDON of money to
solicit employment, in violation of section 38.12(a) of the Texas Penal Code, and the
Defendant’s conduct was not authorized by the Texas Disciplinary Rules of
Professional Conduct or any rule of court. 

            Jimenez filed a separate motion to dismiss each paragraph of the indictment for failure to
allege an offense. Citing Bailey v. Morales, 190 F.3d 320 (5th Cir. 1999), he argued in each motion
that chiropractors are permitted to solicit employment from individuals who have sustained
accidental injuries and they are permitted to hire individuals to conduct this solicitation. At the
hearing on Jimenez’s motions to dismiss, the parties stipulated that the State’s theory of prosecution
is as follows:
That on or about February 1, 1998 through on or about September 17, 1999, IRMA
ESCANDON was paid money by ALEXANDER JIMENEZ, defendant in the above
enumerated cause, to solicit employment for an attorney, JAMES CROOK, with the
intent to obtain an economic benefit (that economic benefit being the referral of the
solicited clients from JAMES CROOK to ALEXANDER JIMENEZ).
            Relying on Bailey, the trial court expressly determined that a chiropractor cannot be
prosecuted for barratry under Section 38.12 of the Penal Code. Accordingly, the court granted
Jimenez’s motions and dismissed each paragraph of the indictment. The State timely filed its notice
of appeal.
CHIROPRACTORS SUBJECT TO BARRATRY STATUTE
            In its sole issue on appeal, the State contends that Jimenez’s stipulated conduct falls squarely
within the conduct prohibited by Texas’ barratry statutes, and therefore, the trial court erred by ruling
that the State is prohibited from prosecuting Jimenez because he is a chiropractor.
Standard of Review
            The trial court’s ruling that Jimenez cannot be prosecuted for barratry is purely a question
of law. Therefore, we review the court’s ruling de novo. State v. Hoffman, 999 S.W.2d 573, 574
(Tex.App.--Austin 1999, no pet.), citing Guzman v. State, 955 S.W.2d 85, 89 (Tex.Crim.App. 1997).
The Barratry Statute
            Barratry is defined as the “vexatious incitement to litigation, especially by soliciting potential
legal clients.” Black’s Law Dictionary 144 (7th Ed. 1999); see Bailey, 190 F.3d at 322 (“Barratry
involves stirring up or exciting litigation, some of which may be frivolous.”). The offense of barratry
has an ancient lineage and it has been criminalized in Texas since 1876. See Bailey, 190 F.3d at 322
(tracing history of the offense). Texas’s current barratry statute is found in Section 38.12 of the
Penal Code, which is entitled “Barratry and Solicitation of Professional Employment.” See
Tex.Penal Code Ann. § 38.12 (Vernon 2003). A person can violate Section 38.12 by several
different means. Pertinent to this prosecution, a person commits an offense if, with intent to obtain
an economic benefit, the person:
•pays or gives or offers to pay or give a person money or anything of value to
solicit employment;



 
•knowingly finances the commission of an offense under Section 38.12(a);


or
 
•invests funds the person knows or believes are intended to further the
commission of an offense under Section 38.12(a).




For purposes of Section 38.12, “solicit employment” means:
 
[T]o communicate in person or by telephone with a prospective client or a member
of the prospective client’s family concerning professional employment within the
scope of a professional’s license, registration, or certification arising out of a
particular occurrence or event, or series of occurrences or events, or concerning an 
existing problem of the prospective client within the scope of the professional’s
license, registration, or certification, for the purpose of providing professional
services to the prospective client, when neither the person receiving the
communication nor anyone acting on that person’s behalf has requested the
communication. The term does not include a communication initiated by a family
member of the person receiving a communication, a communication by a
professional who has a prior or existing professional-client relationship with the
person receiving the communication, or communication by an attorney for a qualified
nonprofit organization with the organization’s members for the purpose of educating
the organization’s members to understand the law, to recognize legal problems, to
make intelligent selection of legal counsel, or to use available legal services. The
term does not include an advertisement by a professional through public media.

 Tex.Penal Code Ann. § 38.01(11).

            “Professional” means an attorney, chiropractor, physician, surgeon, private investigator, or
any other person licensed, certified, or registered by a state agency that regulates a health care
profession. Tex.Penal Code Ann. § 38.01(12).
Bailey v. Morales
            Prior to 1997, Section 38.12 pertained only to the solicitation of legal employment. In an
attempt to regulate the “cottage industry” of alleged ambulance-chasing chiropractors and others, the
Legislature amended Sections 38.01 and 38.12 in 1997 so that the statute’s proscriptions covered the
solicitation of business by chiropractors and other professionals as defined by Section 38.01(12). 
Bailey, 190 F.3d at 321. Following the passage of the statutory amendments, a group of Texas
chiropractors filed suit in federal court alleging that the statutes violated their First and Fourteenth
Amendment rights. Id. They sought injunctive and declaratory judgment relief. Id. In order to
regulate truthful and non-deceptive speech that merely proposes a commercial transaction, the State
must prove that (1) it has a substantial interest, (2) the regulation directly and materially advances
the State’s interests, and (3) the regulation is narrowly drawn. Id., citing Central Hudson Gas &
Electric Corp. v. Public Service Commission of N.Y., 447 U.S. 557, 100 S.Ct. 2343, 65 L.Ed.2d 341
(1980). The chiropractors offered evidence that they visited senior citizen centers to speak to the
elderly about the benefits of chiropractic care for the alleviation of arthritis pain, they contacted
employers to ask them to refer injured workers to for chiropractic care, they employed telemarketers
to call victims of accidents to inform them of the benefits of chiropractic care, and they informed
accident victims at the scene of an accident personally witnessed by a chiropractor about the benefits
of chiropractic care. Bailey, 190 F.3d at 322. Noting that activities such as speaking at senior citizen
centers and contacting employers are not activities inherently conducive to overreaching, the Fifth
Circuit held that the broad ban imposed by the statute did not directly and materially advance the
State’s interests because it swept too many extraneous activities within its purview. Id. at 324. 
Thus, the court determined that the amended statute is unconstitutional as applied to chiropractors. 
Id. at 325.
            Here, the trial court extended Bailey’s holding to prohibit the prosecution of chiropractors
who solicit employment for an attorney even though the Fifth Circuit expressly held that it was not
determining the purview of the statute as it applies to other covered professionals. See Bailey, 190
F.3d at 325. In so doing, the trial court misread Bailey as providing blanket protection to
chiropractors from any prosecution under Section 38.12. While Bailey may apply to prevent the
State from prosecuting Jimenez for soliciting chiropractic business for himself or other chiropractors,
it can prosecute him for soliciting legal employment for an attorney. In other words, Jimenez’s
status as a chiropractor does not protect him from prosecution if he violates Section 38.12 by
soliciting legal employment for an attorney.
            In his reply brief, Jimenez argues that he employed Escandon to solicit employment for
himself from individuals who had sustained injuries and Escandon used accident reports as a source
of new patients. These statements of fact are not supported by the record and they are contrary to
the stipulation on which the trial court based its ruling. Jimenez stipulated that the State’s theory
of prosecution is that he paid Escandon to solicit employment for an attorney with the expectation
of an economic benefit, namely, the referral of clients by the attorney to Jimenez. Under that theory
of prosecution, the State’s indictment does not run afoul of the holding in Bailey. Accordingly, the
State’s sole issue is sustained. The orders dismissing Paragraphs A, B, and C of the indictment are
reversed and the cause is remanded to the trial court.


September 30, 2004                                                     
                                                                                    ANN CRAWFORD McCLURE, Justice
Before Panel No. 1
Larsen, McClure, and Chew, JJ.

(Publish)