Curtis A. BROOKS, Appellant

v.

The STATE of Texas, Appellee.

No. 01–06–00312–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Feb. 15, 2007.

Roni M. Most, The Most Law Firm,
P.C., Houston, for appellant.

George McCall Secrest, Jr., Bennett &
Secrest, L.L.P., Houston, for appellee.

Panel consists of Justices NUCHIA,
KEYES, and HIGLEY.

## OPINION

LAURA CARTER HIGLEY, Justice.

Appellant, Curtis A. Brooks, was convicted and fined $500 after pleading no contest in a municipal court of record to violating the City of Houston's sign code ordinance by "using" a sign without first obtaining a permit from the city. Presenting five issues, appellant appealed the municipal court's judgment to a county criminal court at law, which affirmed. Appellant now appeals the county criminal court's judgment.

We affirm.

## Background

The facts of this case are undisputed. Appellant erected a new, off-premises[1] sign along Kuykendahl Road, which the parties agree is a federally funded "primary highway," as that term is used in the lexicon of sign regulation. The sign was located outside the corporate city limits of Houston, but within the city's extraterritorial jurisdiction.[2] Before constructing the sign, appellant obtained a permit from the Texas Department of Transportation ("TxDOT"), but did not obtain a permit from the City of Houston ("the City"). The City issued a citation to appellant for his failure to obtain a municipal permit, as required by the City's sign code. The City filed a criminal complaint in municipal court against appellant, alleging that appellant violated the City's sign code when he "unlawfully and knowingly use[d] a sign located on the west side of the 18600 block of Kuykendahl Road, which is within the

sign code application area of the City of Houston, without first having secured a written permit from the [City's] sign administrator...."

Appellant filed a motion to dismiss the complaint, contending that the City had no authority to regulate off-premises signs located along federal interstate and primary highways in the City's extraterritorial jurisdiction. Appellant asserted that TxDOT has exclusive jurisdiction over permitting off-premises signs in such circumstances.

Following a hearing, the municipal court denied appellant's motion to dismiss in a written order, which enumerated the reasons for the denial. Among these reasons was the municipal court's conclusion that Texas Local Government Code sections 216.901 and 216.902 permit a city to regulate signs in its extraterritorial jurisdiction.

After appellant pleaded no contest, the municipal court convicted appellant of the misdemeanor offense of "Using a Sign Without a Permit" and assessed punishment at a $500 fine. Appellant filed a motion for new trial, which was denied by the municipal court. Appellant appealed the municipal court's judgment to county criminal court. The county criminal court affirmed the municipal court's judgment, and appellant filed this appeal.

## Appellate Issues Limited to Issue Raised in Motion for New Trial

In the county criminal court, appellant presented five issues attacking the munici-

---

1.  Texas statutes distinguish between off-premises and on-premises signs for purposes of sign regulation. *See, e.g.,* TEX. LOC. GOV'T CODE ANN. § 216.902(c) (Vernon 1999) (providing that cities do not have authority to regulate on-premises signs in certain instances in its extraterritorial jurisdiction).

2.  The extraterritorial jurisdiction of a municipality with 100,000 or more inhabitants, such as Houston, is "the unincorporated area that is contiguous to the corporate boundaries of the municipality and that is located within five miles of those boundaries." TEX. LOC. GOV'T CODE ANN. § 42.021(5) (Vernon 1999).

pal court's denial of his motion to dismiss.[3] In his five issues, appellant contends that the City cannot regulate new, off-premises signs in its extraterritorial jurisdiction along federally funded interstates and primary highways because (1) appellate courts have not held that the City has such authority; (2) the City does not zone its extraterritorial jurisdiction; (3) Local Government Code sections 216.901 and 216.902 do not grant the City such authority; (4) Texas Administrative Code section 21.151 does not grant the City such power; and (5) TxDOT's counsel has not agreed with the State's position.

■ To perfect an appeal from a municipal court conviction, an appellant must file a written motion for new trial with the municipal clerk setting forth the points of error of which appellant complains. *See* TEX. GOV'T CODE ANN. § 30.00014(c) (Vernon 2004). For an appellant to preserve a point of error in an appeal from a municipal court, he must raise the identical point in his motion for new trial. *Lambert v. State*, 908 S.W.2d 53, 54 (Tex.App.-Houston [1st Dist.] 1995, no writ); *see* TEX. GOV'T CODE ANN. § 30.00014(b). In this case, appellant raised only the third issue in his motion for new trial. Therefore, he did not preserve points of error one, two, four, and five. *See Lambert*, 908 S.W.2d at 54; *see also* TEX. GOV'T CODE ANN. § 30.00014(b).

Because they are waived, we overrule appellant's first, second, fourth, and fifth issues.

## The City's Authority to Regulate Under the Local Government Code

■ In his third issue, appellant reiterates the ground raised in his motion for new trial. Appellant contends that the language of Texas Local Government Code section 216.902 does not authorize the City to regulate off-premises signs in its extraterritorial jurisdiction along federally-funded primary highways, such as Kuykendahl Road. Appellant asserts that section 216.902 limits the City's authority to regulate off-premises signs to rural roads in its extraterritorial jurisdiction.[4]

Local Government Code section 216.901 provides, "A home-rule municipality may license, regulate, control, or prohibit the erection of signs or billboards by charter or ordinance."[5] TEX. LOC. GOV'T CODE ANN. § 216.901(a) (Vernon 1999). Section 216.902 permits "[a] municipality [to] extend the provisions of its outdoor sign regulatory ordinance and enforce the ordinance within its area of extraterritorial jurisdiction...." *Id.* § 216.902(a) (Vernon 1999). That section further provides, "If a municipality extends its outdoor sign ordinance within its area of extraterritorial jurisdiction, the municipal ordinance supersedes the regulations imposed by or adopted under Chapter 394, Transportation Code." *Id.* § 216.902(b).

Chapter 394 of the Transportation Code governs regulation of outdoor signs on rural roads. *See* TEX. TRANSP. CODE ANN. §§ 394.001–.086 (Vernon 1999 & Supp. 2006). Chapter 391 contains provisions governing outdoor advertising along interstates and primary systems. *See id.*

3. In addition to the briefs filed in the county criminal court, appellant and the State have each filed a brief in this Court. Because the briefs filed by the parties in the county criminal court constitute the briefs in the instant appeal, we do not consider the briefs filed by the parties in this Court. *See* TEX. GOV'T CODE ANN. § 30.00027(b)(1) (Vernon 2004).

4. In his motion for new trial, appellant cited section 216.901, but referenced the statutory language of section 216.902.

5. The City of Houston is a home-rule city.

§§ 391.001–.251 (Vernon 1999 & Supp. 2006). As mentioned, the parties do not dispute that the sign at issue in this cases was erected along a primary highway.

■ The narrow question that we must determine is whether the relevant provisions of the Local Government Code permit the City to regulate off-premises signs such as the one at issue in this case or whether the City is limited by section 216.902 to regulating off-premises signs only on rural roads in the City's extraterritorial jurisdiction. Matters of statutory interpretation, such as this, are questions of law for which we conduct a de novo review. *See State v. Jimenez,* 148 S.W.3d 574, 576 (Tex.App.-El Paso 2004, pet. ref'd).

■ When interpreting a statute, we seek to effectuate the intent of the Legislature. *Boykin v. State,* 818 S.W.2d 782, 785 (Tex.Crim.App.1991). To this end, "we necessarily focus our attention on the literal text of the statute in question and attempt to discern the fair, objective meaning of that text at the time of its enactment." *Id.* If the literal text of the statute is clear and unambiguous, we will give effect to that plain meaning, unless the plain language would lead to absurd consequences that the Legislature could not possibly have intended. *Id.*

Here, section 216.902's language is clear and unambiguous, and does not lead to absurd consequences. Thus, we must follow the plain meaning of the text. *See id.* Pursuant to the plain text, a home-rule city may "extend the provisions of its outdoor

sign regulatory ordinance and enforce the ordinance" with regard to off-premises signs along any road in its extraterritorial jurisdiction without limitation as to the type of road.[6]

In his brief, appellant contends that, "under section 216.902(b)[,] the Houston Sign Code signage regulations only pertain to signs adjacent to rural roads, not signs adjacent to interstate or primary highways in Houston's extraterritorial jurisdiction, as are Appellant's, and the Houston Sign Code does not supersede the regulations imposed under Chapter 391...." While we agree that a home-rule city's sign code does not supersede Chapter 391, we disagree that section 216.902(b) limits a home-rule city's regulating authority to rural roads only. The only restriction found in section 216.902(b) is placed on the State, not the municipality. That is, a home-rule city's sign ordinances supersede the State's regulations regarding rural roads in the home-rule city's extraterritorial jurisdiction.

Section 216.902 has no provisions limiting a home-rule city's regulation of off-premises signs along interstates and primary highways in the city's extraterritorial jurisdiction. To read such a restriction into the statute would be to impermissibly augment section 216.902 with language not approved by the legislature. Moreover, nothing in that section prohibits both the State and a home-rule city from regulating concurrently off-premises signs along interstates and primary highways in the city's extraterritorial jurisdiction.[7] *See*

---

6. Section 216.902(c) does restrict a city's regulation of on-premises signs. TEX. LOC. GOV'T CODE ANN. § 216.902(c).

7. To the extent that appellant contends that section 21.151 of the Texas Administrative Code or any other state or federal authority prohibit regulation by the City, such contentions were not preserved because they were not raised in appellant's motion for new trial in the municipal court. *See Lambert v. State,* 908 S.W.2d 53, 54 (Tex.App.-Houston [1st Dist.] 1995, no writ); *see also* TEX. GOV'T CODE ANN. § 30.00014(b) (Vernon 2004).

*City of Houston v. Harris County Outdoor Advertising Ass'n,* 732 S.W.2d 42, 48 (Tex. App.-Houston [14th Dist.] 1987, no writ) ("In the absence of express limitations, there is nothing that prevents a city from enacting an ordinance covering the same subject as state or federal regulations."). In sum, we hold that section 216.902 authorizes a home-rule city, such as Houston, to regulate off-premises signs along primary highways in its extraterritorial jurisdiction.

We overrule appellant's third issue.

## Conclusion

We affirm the judgment of the trial court.