**Affirmed and Memorandum Opinion filed February 2, 2012.**



In The

# 𝕱𝖔𝖚𝖗𝖙𝖊𝖊𝖓𝖙𝖍 𝕮𝖔𝖚𝖗𝖙 𝖔𝖋 𝕬𝖕𝖕𝖊𝖆𝖑𝖘

———————————

NO. 14-11-00882-CR

———————————

**EUGENE M. HARTIS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the County Criminal Court at Law No. 8
Harris County, Texas
Trial Court Cause No. 5598**

## MEMORANDUM OPINION

Appellant Eugene M. Hartis entered a plea of not guilty in a Houston municipal court to passing an authorized emergency vehicle. A jury convicted Hartis and assessed punishment at a fine of $200.00. Hartis appealed his conviction to the county court at law, which affirmed the conviction. On further appeal to this court, Hartis contends the trial court erred by conducting a jury trial without a court reporter present, and failing to charge the jury on the defense of necessity. We affirm.

I

Because the proceedings were not recorded, the following facts are taken from an agreed statement of facts and the clerk's record. On May 20, 2010, Hartis was driving westbound on Interstate 10. Officer Yvonne Wood was stopped on the shoulder of the highway monitoring westbound traffic. Another officer was making a traffic stop on the left shoulder; the vehicle's emergency overhead lights were flashing. Officer Wood observed Hartis drive past the stationary officer at approximately 60 mph in the far left lane. Wood stopped Hartis and cited him for passing an authorized emergency vehicle. Texas Transportation Code section 545.157 provides that on approaching a stationary authorized emergency vehicle using visual signals, an operator of a motor vehicle shall either vacate the lane closest to the emergency vehicle or slow to a speed 20 mph less than the posted speed limit when the posted speed limit is 25 mph or more. Tex. Transp. Code § 545.157.

Hartis, representing himself, entered a plea of "not guilty" and proceeded to trial without a court reporter. The citation was admitted into evidence and contained several statements by Hartis. The statements included "Heavy Traffic" and "What am I supposed to do there are cars all around me am I supposed to get hit from behind." Hartis attempted to argue several legal points on his behalf. The state objected on relevance, and the trial court sustained the objection. The jury found Hartis guilty and assessed a fine of $200.00 against him.

Represented by counsel, Hartis filed a motion for new trial. In the motion, Hartis cited case law about the defense of necessity, but the trial court denied the motion.

II

In his first issue, Hartis contends that "[t]he trial court erred in proceeding to jury trial in appellants [sic] case without a court reporter present, in violation of Texas Government Code Section 30.00010 and Texas Rules of Appellate Procedure Rule

2

13.1(a)." Hartis argues that the trial court erred by failing to inform him of his right to have the trial recorded, failing to secure a waiver of his right to have the trial recorded, and failing to request a court reporter on his behalf.

To perfect an appeal from a municipal court, an appellant must file a written motion for new trial with the municipal clerk setting forth the points of error of which the appellant complains. Tex. Gov't Code § 30.00014. An issue not presented in the motion for new trial is not preserved for review. *See Brooks v. State*, 226 S.W.3d 607, 609 (Tex. App.—Houston [1st Dist.] 2007, no pet.); *Lambert v. State*, 908 S.W.2d 53, 54 (Tex. App.—Houston [1st Dist.] 1995, no pet.). Here, Hartis raised only his second issue in his motion for new trial, and he does not contend that he objected to the lack of a court reporter below. Therefore, he did not preserve his complaint. *See Valle v. State*, 109 S.W.3d 500, 508–09 (Tex. Crim. App. 2003) (appellant failed to preserve complaint that court reporter did not record bench conferences when record did not reflect that appellant objected on this basis below and he did not allege that he objected); *see also Davis v. State*, 345 S.W.3d 71, 77–78 (Tex. Crim. App. 2011) (noting that appealing party has an obligation to make a record demonstrating that error occurred in the trial court, including an obligation to object that the court reporter was not present, to preserve any error for appeal). We overrule Hartis's first issue.

III

In his second issue, Hartis contends that the trial court erred by denying him an opportunity to argue the necessity defense to justify his unlawful conduct as provided in Texas Penal Code Section 9.02. Texas Penal Code section 9.02 provides that it is a defense to prosecution "that the conduct in question is justified under this chapter." Conduct is justified under the defense of necessity if (1) the actor reasonably believed the conduct was immediately necessary to avoid imminent harm; (2) the desirability and urgency of avoiding the harm clearly outweigh, according to ordinary standards of reasonableness, the harm sought to be prevented by the law proscribing the conduct; and (3) a legislative

3

purpose to exclude the justification claimed for the conduct does not otherwise plainly appear. Tex. Penal Code § 9.22.

An accused is entitled to an instruction on every defensive issue raised by the evidence. *Hayes v. State,* 728 S.W.2d 804, 807 (Tex. Crim. App. 1987). This is true regardless of whether such evidence is strong or weak, unimpeached or contradicted, and regardless of what the trial court may or may not think about the credibility of this evidence. *Hamel v. State*, 916 S.W.2d 491, 493 (Tex. Crim. App. 1996). A defendant's testimony alone is sufficient to raise a defensive issue requiring an instruction in the jury charge. *Hayes*, 728 S.W.2d at 807. The Court of Criminal Appeals has stated that section 9.22's plain language "indicates that the defense of necessity may be applicable in every case unless specifically excluded by the legislature." *Bowen v. State*, 162 S.W.3d 226, 229 (Tex. Crim. App. 2005).

Hartis argues that the trial court erred in overruling his request for an instruction on the necessity defense to be included in the jury charge. But to preserve error on a defensive charge, an appellant must object or make a specific request for the instruction. *Posey v. State*, 966 S.W.2d 57, 61 (Tex. Crim. App. 1998). A trial court has no duty to sua sponte instruct the jury on an unrequested defensive issue. *Id.*; *see also Gandy v. State*, 222 S.W.3d 525, 530 (Tex. App.—Houston [14th Dist.] 2007, pet. ref'd) (holding egregious harm standard usually applied when charge error is urged for first time on appeal does not apply to defensive issues not properly preserved by defendant's request or objection).

Hartis did not provide a reporter's record of the proceedings below, so we do not know what evidence or objections Hartis may have offered in the jury trial. Hartis asserts in his brief that he requested an instruction on the necessity defense, but the statement of facts provided reflects only that Hartis "attempted to argue several legal points on his behalf." This record contains no indication that Hartis objected or requested a jury instruction on the necessity defense. Therefore, Hartis has failed to preserve this issue for appeal.

Even assuming for purposes of argument that Hartis properly requested a jury instruction on the necessity defense at trial, he has failed to provide a record sufficient to show error. Generally, it is the appellant's duty to present a record demonstrating that the trial court's decision should be overturned. *See, e.g., Newman v. State*, 331 S.W.3d 447, 450 (Tex. Crim. App. 2011); *Amador v. State*, 221 S.W.3d 666, 675 (Tex. Crim. App. 2007); *see also Green v. State,* 912 S.W.2d 189, 192 (Tex. Crim. App. 1995) ("This Court does not decide cases based on speculation about matters not shown in the record."). Mere assertions in a brief not supported by the record will not be considered on appeal. *Freeman v. State*, 828 S.W.2d 179, 181 (Tex. App.—Houston [14th Dist.] 1992, pet. ref'd).

Hartis maintains that the clerk's record contains "ample proof" that he sufficiently raised the issue below, pointing to (1) the citation containing his statements about traffic conditions, (2) the lack of language regarding the necessity defense in the jury charge, and (3) the statement of facts indicating that the trial judge believed that the defense of necessity did not apply to a Transportation Code violation. We disagree that the record in this case is sufficient to enable us review the issue.

First, we cannot infer from the citation issued to Hartis what evidence, if any, he presented or sought to present to demonstrate that he was entitled to an instruction on the necessity defense. Even if we assume Hartis testified or would have testified that traffic was heavy at the time he committed the offense, that fact alone does not satisfy the elements of the defense. *See* Tex. Penal Code § 9.22. And we may not infer that the trial court denied a requested jury instruction on necessity merely because the charge submitted to the jury does not include the defense. It is just as likely that the charge does not include the defense because Hartis did not properly request it. Finally, even though the statement of facts reflects the trial judge's position that the necessity defense does not apply to a transportation-code offense, that statement was made in response to Hartis's motion for new trial. It is not evidence that Hartis requested an instruction on the necessity defense at trial or that he presented evidence sufficient to support all of the elements of that defense.

We therefore overrule Hartis's second issue.

* * *

We affirm the trial court's judgment.

/s/    Jeffrey V. Brown
        Justice

Panel consists of Justices Brown, Boyce, and McCally.

Do Not Publish — TEX. R. APP. P. 47.2(b).

6