ACCEPTED
06-14-00110-CR
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
4/27/2015 12:00:00 AM
DEBBIE AUTREY
CLERK

CAUSE NUMBER 06-14-00110-CR
IN THE
COURT OF APPEALS
SIXTH APPELLATE JUDICIAL DISTRICT OF TEXAS
AT TEXARKANA, TEXAS

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS
4/27/2015 8:36:00 AM
DEBBIE AUTREY
Clerk

APPEAL FROM THE 8TH JUDICIAL DISTRICT OF FRANKLIN COUNTY, TEXAS

Trial Cause No. 1423904

CODY LANG THOMAS
Appellant

V.

THE STATE OF TEXAS,
Appellee

BRIEF FOR APPELLANT

Martin Braddy
Attorney at Law
SBN 00796240
121 Oak Ave., Suite A
Sulphur Springs, Texas 75482
(903) 885-2040
(500) 885-2704 fax

## IDENTITY OF PARTIES

Pursuant to Texas Rule of Appellate Procedure 38(a), the following is a list of all parties to the trial court's judgment and the names and addresses of all trial and appellate counsel:

**APPELLANT:**
Cody Lang Thomas

Appellate Counsel
Martin Braddy
121 Oak Avenue, Suite A
Sulphur Springs, TX 75482
(903) 885-2040
(903) 500-2704 fax

Trial Counsel
Wade Forsman
Post Office Box 918
Sulphur Springs, TX 75482

**APPELLEE:**
The State of Texas

Honorable Will Ramsay
District Attorney
8th Judicial District
110 Main Street
Sulphur Springs, TX 75482
(903) 885-0641
(903) 885-0640 fax

**TRIAL COURT:**
8th Judicial District Court
Hopkins County, Texas

Judge Eddie Northcutt
118 Church St.
Sulphur Springs, TX 75482
Phone: (903) 438-4022

# TABLE OF CONTENTS

Table of Contents                                                                                  3

Index of Authorities                                                                            4-5

Statement of the Case                                                                          6

Issues Presented                                                                                  6

Statement of Facts                                                                                6

Summary of Argument                                                                          8

Argument                                                                                              9

   I. Trial Court Improperly Increased Appellant's Punishment Range to a Second Degree Felony          9

    A.  Standard of Review                                                                9

    B.  Preservation of Error                                                            10

    C.  Penal Code Section 12.425(b)

    D.  Level of Offense vs. Level of Punishment

    E.  Analysis

Conclusion and Prayer

Certificate of Service                                                          18

# INDEX OF AUTHORITIES

## Cases

Boykin v. State, 818 S.W.2d 782, 785 (Tex.Crim.App.1991)    10
Brooks v. State, 226 S.W.3d 607, 610 (Tex.App.-Houston [1st Dist.] 2007, no pet.)    9
Clinton v. State, 354 S.W.3d 795, 800 (Tex.Crim.App.2011)    9-10

Edwards v. State, 273 S.W.3d 919, 921 (Tex.App.-Houston [14th Dist.] 2009, no pet.)    9
Ex Parte Reinke, 370 S.W.3d 387, 389 (Tex. Crim. App. 2012)    14
Ford v. State, 334 S.W.3d 230, 231 (Tex. Crim. App. 2011)    13-14, 15
Sims v. State, 84 S.W.3d 768, 779 (Tex.App.-Dallas 2002, pet. ref'd)    9
Speth v. State, 6 S.W.3d 530, 532–33 (Tex.Crim.App.1999).    10
State v. Jimenez, 148 S.W.3d 574, 576 (Tex.App.-El Paso 2004, pet. ref'd)    9
State v. Webb, 12 S.W.3d 808, 811–12 (Tex.Crim.App.2000)    14, 15
Williams v. State, 253 S.W.3d 673, 677 (Tex.Crim.App.2008)    9

**Statutes**
Tex. Penal Code Ann. § 12.42(a)(1) (West)    12-13
Tex. Penal Code Ann. § 12.425 (West)    10
Tex. Penal Code Ann. § 12.35(a) (West)    12, 15
Tex. Penal Code Ann. § 30.02 (West).    11-12

## STATEMENT OF THE CASE

Appellant was indicted in Cause Number 1423904 for Engaging in Organized Criminal Activity alleging the underlying offense as theft of property valued at $1,500.00 or more, but less than $20,000.00, a state jail felony. Appellant pled "guilty" to the lesser included offense of theft and elected the trial court to set the punishment. Appellant further pled "true" to two enhancement allegations. The trial court found Appellant guilty and the enhancement allegations true and set the punishment at twenty years in the Institutional Division of the Texas Department of Criminal Justice and assessed a fine of $0.00. The trial court certified Appellant's right to appeal and Appellant timely filed a Notice of Appeal.

## ISSUES PRESENTED

Did the trial court sentence Appellant outside of the applicable punishment range?

## STATEMENT OF FACTS

On March 17, 2014 Appellant was indicted for the felony offense of engaging in organized criminal activity alleged to have occurred on November 23, 2013. (CR pg. 4). The indictment does not allege prior felony convictions for purposes of enhancement. On May 8, 2014, the trial court conducted a pretrial hearing and admonished Appellant as to the applicable punishment ranges depending on the

5

allegations in the indictment and the possibility of proof regarding previous felony convictions. (RR Vol. 2 pg. 4-7). Appellant acknowledged his understanding of all the possible punishment ranges. (RR Vol. 2 pg. 7). The trial court also disclosed his personal involvement with Appellant, including his personal knowledge with regards to Appellant's prior incarceration. (RR Vol. 2 pg. 12-13).

On May 22, 2014, the trial court again admonished Appellant as to the possible punishment ranges of the charged offense depending on proof and the offense for which he might be convicted. (RR Vol. 3 pg. 5-6). Appellant pled guilty to the lesser offense of theft of property valued at $1,500.00 or more, but less than $20,000.00, a state jail felony. (RR Vol. 3 pg. 11). Appellant further acknowledged that he had been sentenced to the "penitentiary, non state jail, two separate times." (RR Vol. 3 pg. 12). The trial court accepted Appellant's plea of guilty and found that Appellant has "two prior non-state-jail-felony convictions which would enhance the punishment range … to 2 to 20." (RR Vol. 3 pg. 16).

On June 11, 2014, the State of Texas filed its "Notice of State's Intent to Enhance Punishment Range" alleging:

1. Prior to commission of the offense in the indictment, defendant was finally convicted of the felony offense of Escape While Arrested, on 18th day of August, 2004, A.D., in the 402nd District Court of Wood County, Texas;

6

2. Prior to commission of the offense in the indictment, defendant was finally convicted of the felony offense of Burglary of a Building, on 24th day of June, 20 10, A.D., in Cause Number 0921040 on the docket of the 8th Judicial District Court of Hopkins County, Texas.

(CR pg. 28). After that, the trial court conducted the punishment trial in the case at which it inquired of Appellant as to the truth of the enhancement allegations. (RR Vol. 4 pg. 11-12). At the trial, the State did not offer the "pen packets" or judgements of the prior conviction, but instead relied upon Appellant's plea of true and his testimony. The trial court sentenced Appellant to twenty years and no fine. (RR Vol. 4 pg. 108). Appellant filed notice of Appeal. (Suppl. CR pg. 1).

## SUMMARY OF ARGUMENT

Appellant's twenty year sentence for a state jail felony, punishable under 12.35(a) of the Texas Penal Code was not authorized by law. The trial court's use of Penal Code Section 12.425(b) to increase Appellant's punishment range was not permissible. (CR pg. 24). Appellant pled true to having been previously finally convicted of Burglary of a Building, a state jail felony punishable under 12.35 (a) of the Penal Code. Appellant's burglary conviction appears to have been punished as a third degree felony pursuant to a previous version of Section 12.42 of the Penal Code. The enhancement did not increase the offense level from a state jail felony, but merely increased the punishment level to a third degree felony. Therefore, Appellant's sentence was outside of the applicable punishment range.

7

**ARGUMENT**

**I.   TRIAL COURT IMPROPERLY ENHANCED APPELLANT'S**

**PUNISHMENT RANGE TO A SECOND DEGREE FELONY**

The trial court improperly used Penal Code 12.425(b) to increase Appellant's

punishment range from a state jail felony to that of a second degree.   The trial

court's interpretation of the statute was incorrect.

**A.  Standard of Review**

Issues of statutory interpretation are reviewed de novo.  Williams v. State,

253 S.W.3d 673, 677 (Tex.Crim.App.2008); Edwards v. State, 273 S.W.3d 919,

921 (Tex.App.-Houston [14th Dist.] 2009, no pet.); Brooks v. State, 226 S.W.3d

607, 610 (Tex.App.-Houston [1st Dist.] 2007, no pet.) (*citing* State v. Jimenez, 148

S.W.3d 574, 576 (Tex.App.-El Paso 2004, pet. ref'd)); *see also* Sims v. State, 84

S.W.3d 768, 779 (Tex.App.-Dallas 2002, pet. ref'd) (applying de novo review in

considering propriety of prior offense for use in sentencing enhancement).  "When

interpreting statutory language, we focus on the collective intent or purpose of the

legislators who enacted the legislation," starting with the text itself, which

"provides the best means to determine the fair, objective meaning of that text at the

time of its enactment."   Clinton v. State, 354 S.W.3d 795, 800

(Tex.Crim.App.2011) (*citing* Boykin v. State, 818 S.W.2d 782, 785

(Tex.Crim.App.1991).  We construe an unambiguous statute according to its plain

meaning, unless such construction creates an "absurd result." <u>Clinton v. State</u>, 354 S.W.3d 795, at 800.

**B. Preservation of Error**

A defendant has an absolute and unwaivable right to be sentenced with the range provided by law. <u>Speth v. State</u>, 6 S.W.3d 530, 532–33 (Tex.Crim.App.1999). Therefore, no objection at the trial court level was required to preserve the error for appeal.

**C. Penal Code Section 12.425(b)**

The trial court utilized Section 12.425(b) to increase Appellant's punishment level. That Section allows for a state jail felony to have its punishment range increased to that of felony of the second degree under certain circumstances. Specifically, it states:

"(b) If it is shown on the trial of a state jail felony punishable under Section 12.35(a) that the defendant has previously been finally convicted of two felonies other than a state jail felony punishable under Section 12.35(a), and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final, on conviction the defendant shall be punished for a felony of the second degree."

Tex. Penal Code Ann. § 12.425 (West). To have the punishment increased under this section the State must prove that a defendant, convicted of a 12.35(a) state jail felony, has been finally convicted of two prior felonies that were not 12.35(a) state jail felonies. Here, the trial court found that Appellant's convictions for Escape, a

9

third degree felony, and Burglary of a Building, normally a state jail felony, satisfied these requirements. The trial court's reasoning was that since the Burglary of a Building was enhanced, then it was no longer a "state jail felony punishable under Section 12.35(a)." (RR Vol. 4 pg. 11-12). However, the trial court failed to properly apply the analysis set forth by the Court of Criminal Appeals in determining whether an enhancement increases the level of offense or merely the level of punishment.

**D. Level of Offense vs. Level of Punishment**

The Court of Criminal Appeals has held that the controlling question in deciding this issue is whether the enhancement provision utilized increases the level of offense or merely the level of punishment. That question turns on the language of the enhancement statute utilized.

**a. Burglary of a Building**

Burglary of a Building is a state jail offense punishable under 12.35(a) of the penal code. The record reflects that Appellant was convicted of Burglary of Building on June 24, 2010 in Wood County, Texas. The Penal Code dictates that this offense is a state jail felony. Section 30.02 state:

"(a) A person commits an offense if, without the effective consent of the

owner, the person:

(1) enters a habitation, or a building (or any portion of a   building)

not then open to the public, with intent to commit a        felony, theft, or an

assault; or

(c) Except as provided in Subsection (d), an offense under this section is a:

10

> (1) state jail felony if committed in a building other than a
>
> habitation;"

Tex. Penal Code Ann. § 30.02 (West).

Burglary of a Building, without application of the statutory aggravating circumstances, would be punishable under 12.35(a) of the Penal Code. Penal Code Section 12.35 state:

> "(a) Except as provided by Subsection (c), an individual adjudged guilty of a
>
> state jail felony shall be punished by confinement in a state jail for any term
>
> of not more than two years or less than 180 days."

Tex. Penal Code Ann. § 12.35(a) (West). Subsection (c) provides for aggravating circumstances that would allow for increasing the punishment level. Tex. Penal Code Ann. § 12.35(c) (West). The record does not support a finding that Appellant's conviction included the type of aggravating circumstances required to move the punishment out of subsection (a). Therefore, Appellant's conviction was a state jail felony punishable under 12.35(a) without consideration of the effect of enhancement.

**b. Previous Version of 12.42(a)**

Appellant's prior Burglary of a Building conviction was enhanced under the previous version of 12.42(a) of the Penal Code. The trial court found that due to Appellant having been twice before convicted of a state jail felony, the punishment for the Burglary of a Building was enhanced to a third degree and he was sentenced to three years in prison. (RR Vol. 4 pg. 12, CR pg. 28). The version of the statute in place at the time of his plea contained the following provision:

11

(a)(1) If it is shown on the trial of a state jail felony punishable under Section 12.35(a) that the defendant has previously been finally convicted of two state jail felonies, on conviction the defendant shall be punished for a third-degree felony."

Tex. Penal Code Ann. § 12.42(a)(1) (West).  Therefore, this Court must determine whether the previous version of 12.42(a) increased the offense level or merely the punishment level.

### c. **Ford v. State**

The Court of Criminal Appeals, in Ford v. State, analyzed the enhance provisions of Article 62.102 of the Texas Code of Criminal Procedure and its intended meaning.  Ford v. State, 334 S.W.3d 230, 231 (Tex. Crim. App. 2011).  The Court held that enhancement statutes differ depending on whether the offense level or merely the punishment is enhanced.  If the enhancement statute merely increases the punishment, then future use of the conviction for enhancement purposes is limited by its original offense level.  The Court held that the language used dictates the result of the enhancement.  The Court stated,

"in Webb we recognized that Penal Code Section 12.42 increases the range of punishment applicable to the primary offense; it does not increase the severity level or grade of the primary offense.  This construction comes from the phrase "shall be punished for" that appears throughout Section 12.42."

Ford v. State, 334 S.W.3d 230, 234-35 (Tex. Crim. App. 2011) *citing* State v. Webb, 12 S.W.3d 808, 811–12 (Tex.Crim.App.2000).  The Court held that since Art. 62.102 had similar language, then it merely increases the punishment and does not

12

change the offense level.  <u>Ford v. State</u>, 334 S.W.3d 230, 234-35 (Tex. Crim. App. 2011).  Therefore, the conviction, enhanced one punishment level pursuant to Art. 62.102, could not be used to then enhance it another punishment level under 12.42 of the Penal Code.

In <u>Ex Parte Reinke,</u> the Court of Criminal Appeals reaffirmed its holding in <u>Ford</u> and <u>Webb</u> that the "shall be punished for" language used in 12.42 increases the punishment level but does not increase the offense level.  <u>Ex Parte Reinke</u>, 370 S.W.3d 387, 389 (Tex. Crim. App. 2012).

Therefore, a state jail conviction enhanced pursuant to Section 12.42(a) remains a state jail punishable under 12.35(a), regardless of the punishment level increase.

**E.  Analysis**

Here, Appellant's previous conviction for Burglary of a Building, enhanced pursuant to the former version of Section 12.42(a), is a state jail felony punishable under 12.35(a).  As previously discussed, the "shall be punished for" language contained in the statute does not act to change the level of the offense, but to merely increase the applicable punishment range.  See <u>Ford v. State</u>, 334 S.W.3d 230, 234-35 (Tex. Crim. App. 2011) *citing* <u>State v. Webb</u>, 12 S.W.3d 808, 811–12 (Tex.Crim.App.2000).  Consequently, Appellant's state jail conviction merely had its punishment increased, but the "severity level or grade" of the offense remained the same.

Appellant's Burglary of a Building conviction in 2010 is a state jail conviction punishable under 12.35(a) and, thus, is barred from being used to

increase the future punishment pursuant to 12.425(b) of the Penal Code.  Thus, Appellant's punishment range was a minimum of one hundred eighty days and a maximum of 2 years in the State Jail.  Tex. Penal Code Ann. § 12.35(a) (West).  Since Appellant's twenty year sentence far exceed the maximum sentence, the trial court's sentence was not provided by law for the offense.  Therefore, this Court should reverse Appellant's sentence and remand to the trial court to conduct a new sentencing hearing applying the proper punishment range.

## CONCLUSION AND PRAYER

It is for the reasons contained herein that Appellant would respectfully pray that this Court of Appeals for the Sixth District reverse the judgment of sentence of the Appellant and remand the case to the 8th Judicial District for retrial of the punishment phase.

Respectfully submitted,

/s/ Martin Braddy
Martin Braddy
Attorney for Appellant
SBN 00796240
121 Oak Ave., Suite A
Sulphur Springs, Texas 75482
(903) 885-2040
(903) 500-2704 fax

14

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing instrument was forwarded to 8TH Judicial District Attorney, Will Ramsay, on this the 26th day of April, 2015.

/s/ Martin Braddy
Martin E. Braddy

**WORD COUNT CERTIFICATION**

This document complies with the typeface requirements of Tex. R. App. P. 9.4(e) because it has been prepared in a conventional typeface no smaller than 14-point for text and 12-point for footnotes. This document also complies with the word-count limitations of Tex. R. App. P. 9.4(i), if applicable, because it contains 2,211 words, excluding any parts exempted by Tex. R. App. P. 9.4(i)(1).

/s/ Martin Braddy
Martin E. Braddy