**AFFIRMED and Opinion Filed March 9, 2020**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-19-00609-CR

## RODOLFO CHAPA, Appellant
## V.
## THE STATE OF TEXAS, Appellee

**On Appeal from the County Criminal Court of Appeals No. 1**
**Dallas County, Texas**
**Trial Court Cause No. MC-18-R0002-D**

## MEMORANDUM OPINION

Before Justices Osborne, Partida-Kipness, and Pedersen, III
Opinion by Justice Partida-Kipness

Rodolfo Chapa appeals his conviction in a municipal court of record for operating a motor vehicle with an expired registration. Chapa contends that he was prevented from registering his vehicle by the Texas "scofflaw" statute. Chapa appealed his conviction to the county court of criminal appeals and now seeks review of the judgment of the county court of criminal appeals affirming his conviction.[1]

We affirm.

---

[1] Upon review of the record on appeal, the Clerk of the Court determined that the trial court's certification of Chapa's right to appeal was missing. *See* TEX. R. APP. P. 25.2(a), (d). The Clerk notified the county court of criminal appeals of the missing certification and gave the court ten days to file a completed certification. When no certification was filed, the Court issued an order requiring the county

# BACKGROUND

On April 26, 2017, Chapa was cited by Carrollton Police for operating a motor vehicle with an expired registration, a Class C misdemeanor. Chapa pleaded not guilty, and a jury trial was conducted on September 19, 2017, in the Carrollton Municipal Court of Record. The jury found Chapa guilty and assessed a $200 fine. The municipal court entered judgment for $271, which included the fine and court costs.

Chapa timely appealed to the county court of criminal appeals, arguing that the municipal court's judgment should be reversed because he was prevented from registering his vehicle by the Texas "scofflaw" statute, section 502.010 of the Texas Transportation Code, which allows a county tax assessor to deny vehicle registration to individuals with outstanding fines or warrants. According to Chapa, his pending appeal from a prior, unrelated offense prevented him from renewing his vehicle registration under section 502.010. On January 14, 2019, the county court of criminal appeals issued its opinion finding that Chapa failed to preserve error for appeal by not filing a reporter's record and affirming the municipal court's judgment. This appeal followed.

---

court of criminal appeals to file a supplemental record containing a certification within thirty days. We received the same six days later. We note that the certification does not include Chapa's signature, as required by Rule 25.2(d). Having timely perfected appeal, however, Chapa has exhibited knowledge of his right to appeal and is not prejudiced by this omission. Thus, we address the merits of his appeal.

## ANALYSIS

To perfect an appeal from a municipal court conviction, an appellant must file a written motion for new trial with the municipal clerk setting forth the points of error of which appellant complains. *See* TEX. GOV'T CODE ANN. § 30.00014(c). To preserve a point of error in an appeal from a municipal court, the appellant must raise the identical point in the motion for new trial. *Brooks v. State*, 226 S.W.3d 607, 609 (Tex. App.—Houston [1st Dist.] 2007, no pet.); *Jaksch v. State*, No. 05-10-00909-CR, 2011 WL 2120524, at *1 (Tex. App.—Dallas May 31, 2011, no pet.) (mem. op., not designated for publication); *see also* TEX. GOV'T CODE ANN. § 30.00014(b).

In the county court of criminal appeals, Chapa presented ten issues broadly contending that his conviction for operating a motor vehicle with an expired registration was improper because he was prevented from renewing the registration by section 502.010 of the Texas Transportation Code.[2] Chapa specifically argued:

1)   the municipal court erroneously issued a warrant for Chapa's arrest on a prior, unrelated charge that was pending on appeal;

2)   the unpaid fine on this prior, unrelated charge prevented Chapa from renewing his vehicle registration;

3)   the municipal court failed to notify Chapa that the warrant had been rescinded before he was cited for the expired vehicle registration;

4)   Chapa first learned of the rescinded warrant when he was cited for the expired vehicle registration;

---

[2] The briefs filed by the parties in the county criminal court of appeals constitute the briefs on appeal to this Court. *See* TEX. GOV'T CODE ANN. § 30.00027(b)(1).

5)     the municipal court erred in denying Chapa's motion to dismiss;

6)     the State sent discovery responses to Chapa's old address despite his new address appearing on his discovery request;

7)     Chapa was prevented from attending the hearing on the State's "ex-parte" motion for continuance, which occurred before the motion was mailed to Chapa;

8)     the municipal court erred in denying Chapa's motion to transfer venue;

9)     the municipal court erred in denying Chapa's motion to quash citation; and

10)    the municipal court conspired with the prosecuting attorney to requalify a disqualified juror.

Chapa raised only the first, eighth, ninth, and tenth issues in his timely motion for new trial. He, therefore, did not preserve issues two, three, four, five, six, and seven. *See Brooks*, 226 S.W.3d at 609; TEX. GOV'T CODE ANN. § 30.00014(b). Because Chapa has forfeited these issues, we overrule Chapa's second, third, fourth, fifth, sixth, and seventh issues.

In his first, eighth, and ninth issues, Chapa complains that the municipal court erred in denying his motions to transfer venue and quash citation because of the municipal court's alleged conflict of interest. In his brief, Chapa failed to offer any argument, cite the record, or cite appropriate authorities—save one rule—on these issues. Likewise, Chapa cited no authority supporting his argument on these issues

–4–

in his motion for a new trial. Instead, he merely cited and discussed actions allegedly taken by the municipal court and clerk in a prior, unrelated criminal proceeding.

If a party provides no argument or legal authority to support its position, the appellate court may properly overrule the issue or point as inadequately briefed. TEX. R. APP. P. 38.1(i) (An appellant's brief "must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record"); *Lucio v. State*, 351 S.W.3d 878, 896–97 (Tex. Crim. App. 2011) (citing cases). Likewise, if a party does not refer the appellate court to the pages in the record where the error allegedly occurred, the appellate court may properly overrule the point as inadequately briefed. *Lucio*, 351 S.W.3d at 896–97; *Busby v. State*, 253 S.W.3d 661, 673 (Tex. Crim. App. 2008) (stating that the court "has no obligation to construct and compose appellant's issues, facts, and arguments 'with appropriate citations to authorities and to the record'"). Chapa's brief suffers from such failures and preserves nothing for our review of Chapa's first, eighth, and ninth issues. *See Lucio*, 351 S.W.3d at 896–97. Thus, we overrule these issues.

In his tenth issue, Chapa contends the municipal court conspired with the prosecuting attorney to requalify a disqualified juror "for the sole purpose of making the numbers work." To preserve a complaint for our review, the record must show that the party presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion. TEX. R. APP. P. 33.1(a)(1); *Clark v.*

*State*, 365 S.W.3d 333, 339 (Tex. Crim. App. 2012). The record must also show that the trial court "ruled on the request, objection, or motion, either expressly or implicitly" or "refused to rule on the request, objection, or motion, and the complaining party objected to the refusal." TEX. R. APP. P. 33.1(a)(2); *Pena v. State*, 353 S.W.3d 797, 807 (Tex. Crim. App. 2011). A reviewing court should not address the merits of an issue that has not been preserved for appeal. *Obella v. State*, 532 S.W.3d 405, 407 (Tex. Crim. App. 2017); *Wilson v. State*, 311 S.W.3d 452, 473 (Tex. Crim. App. 2010) (op. on reh'g).

The only record before the Court of the trial proceedings is the clerk's record reflecting the juror list, jury charge, and verdict. No reporter's record was filed. Consequently, there is no record of voir dire from which to assess Chapa's juror requalification contention. Chapa has failed to preserve his tenth issue for appeal, *see Obella*, 532 S.W.3d at 407, and we overrule this issue.

## CONCLUSION

Having overruled all of Chapa's issues, we affirm the judgment of the county court of criminal appeals.

/Robbie Partida-Kipness/
ROBBIE PARTIDA-KIPNESS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
190609F.U05

–6–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

RODOLFO CHAPA, Appellant

No. 05-19-00609-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Criminal Court of Appeals No. 1, Dallas County, Texas
Trial Court Cause No. MC-18-R0002-D.
Opinion delivered by Justice Partida-Kipness. Justices Osborne and Pedersen, III participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 9th day of March, 2020.