

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-20-00073-CR

_____

CARL PASCHAL, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from the 362nd District Court
Denton County, Texas
Trial Court No. F19-1247-362

---

Before Kerr, Wallach, and Walker, JJ.
Memorandum Opinion by Justice Kerr

## MEMORANDUM OPINION

A jury deliberated half an hour before finding that Appellant Carl Paschal—a 51-year-old white male nicknamed "The Mustang Bandit" for the getaway car used in his shoplifting spree across the Dallas–Fort Worth Metroplex—had committed robbery by stealing almost $2,000 in merchandise from an adult novelty store and then tazing the customer who pursued him.[1] *See* Tex. Penal Code Ann. § 29.02(a)(1), (b).

Although Paschal pleaded "not true" to his indictment's two prior-felony-offense enhancement allegations, the jury found that he had been convicted in 2015 of engaging in organized criminal activity and in 2001 of unlawful possession of a prohibited weapon. *See id.* §§ 46.05, 71.02. These prior felony convictions enhanced his robbery conviction's punishment range from 2–20 years to 25–99 years or life. *Compare id.* § 12.33 (second-degree felony punishment), *with id.* § 12.42(d) (punishment for felony after two prior final felony convictions). After deliberating for less than an

---

[1]The robbery was one of the last of Paschal's thefts to be tried. During the trial's punishment phase, the jury learned that between October 2018 and February 2019, Paschal had committed a variety of misdemeanor thefts of merchandise from adult novelty shops and other retail establishments in Dallas, Fort Worth, Denton, and Lewisville. In the four theft cases that were tried before this one, Paschal pleaded guilty to stealing intimate adult products, perfume, cosmetics, hair-styling tools, jeans, boots, belts, and other items that could be resold, and he was sentenced to 150 days' confinement in each of those cases. *See* Tex. Penal Code Ann. §§ 12.21–.22 (misdemeanor punishments), § 31.03 (theft).

hour,[2] the jury assessed 75 years' confinement, and the trial court sentenced Paschal accordingly.

Paschal now complains in a single issue that he received ineffective assistance of counsel, alleging that his attorney told him that his maximum sentence would be ten years, "when it was in fact 25 years to life." Paschal made this allegation in an affidavit that he attached to his motion for new trial, and he averred that if he had known that he would be facing 25 years to life at trial, he would have accepted the State's plea offer before it was withdrawn.[3]

To establish ineffective assistance, an appellant must prove by a preponderance of the evidence both that his counsel's representation was deficient and that the

---

[2]During the punishment phase, in addition to reviewing evidence of Paschal's 2001 and 2015 enhancement convictions and the convictions from his October 2018–February 2019 shoplifting spree, the jury learned that Paschal had pleaded guilty to driving while intoxicated in 2013 and that in conjunction with his 2015 engaging-in-organized-criminal-activity conviction, he had been convicted of assault on a public servant and evading arrest or detention with a motor vehicle. Paschal also had 2015 and 2018 state-jail-felony methamphetamine-possession convictions and a 2017 theft conviction. The jury heard Paschal say in a jail-call recording that he had fourteen felonies, and both the investigating officer and Paschal's mother testified that Paschal had been on parole when he committed the instant offense.

[3]The record does not reflect that Paschal presented the motion for new trial to the trial court, although he included a "Certificate of Presentment" in which he certified that the motion had been e-filed. *See* Tex. R. App. P. 21.6; *Obella v. State*, 532 S.W.3d 405, 407 (Tex. Crim. App. 2017); *see also Carranza v. State*, 960 S.W.2d 76, 79 (Tex. Crim. App. 1998) (reciting that presentment may be evidenced by a judge's signature or notation on a proposed order or by a hearing date set on the docket); *Burrus v. State*, 266 S.W.3d 107, 115 (Tex. App.—Fort Worth 2008, no pet.) (mem. op.) (noting that statement in the new-trial motion titled "Certificate of Presentment" is insufficient to establish presentment).

deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); *Nava v. State*, 415 S.W.3d 289, 307 (Tex. Crim. App. 2013); *Hernandez v. State*, 988 S.W.2d 770, 770 (Tex. Crim. App. 1999). To establish prejudice on a claim of ineffective assistance in which the defendant rejected a plea bargain because of bad legal advice, he must show a reasonable probability that (1) he would have accepted the earlier offer if counsel had not given ineffective assistance, (2) the prosecution would not have withdrawn the offer, and (3) the trial court would not have refused to accept the plea bargain. *Ex parte Argent*, 393 S.W.3d 781, 784 (Tex. Crim. App. 2013).

The record must affirmatively demonstrate that the ineffective-assistance claim has merit. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). Direct appeal is usually inadequate for raising an ineffective-assistance claim because the record generally does not show counsel's reasons for any alleged deficient performance.[4] *See Menefield v. State*, 363 S.W.3d 591, 592–93 (Tex. Crim. App. 2012); *Thompson*, 9 S.W.3d at 813–14. A defendant's uncorroborated testimony about his counsel's errors is insufficient to establish ineffective assistance. *See Arreola v. State*, 207 S.W.3d 387, 391 (Tex. App.—Houston [1st Dist.] 2006, no pet.); *see also Brim v. State*, No. 02-16-00053-CR, 2016 WL 6803187, at *3 (Tex. App.—Fort Worth Nov. 17, 2016, pet.

---

[4]Paschal acknowledges that his other allegations of ineffective assistance—lack of discovery review and attorney preparation—"would need to be developed in a habeas proceeding." We do not further address them here. *See* Tex. R. App. P. 47.1.

ref'd) (mem. op., not designated for publication) ("In the absence of a fully developed record,[] we hold that Brim's uncorroborated after-the-fact allegations in his affidavit are not sufficient to rebut the prima-facie showing of the voluntariness of his plea or to overcome the presumption that counsel's conduct was not deficient.").

The State directs us to pro se documents that Paschal filed before the start of the March 2020 trial.[5] In those documents, Paschal complained that his counsel had failed to negotiate a better plea deal for him "for over 1 calendar year" and asserted that his counsel had warned him that if he did not take the ten-year plea deal, the prosecutor would "change [his] sentencing range to a greatly expanded range of 25 years to life." Paschal had also written directly to the trial judge, stating that he felt that his counsel and the prosecutor had teamed up to coerce him to take a plea deal or "face up to life in prison." Both documents contradict Paschal's assertion on appeal that "there is no indication that [he] was made aware of the true [punishment] range before trial began."

Further, in his first jail-call recording in 2019, Paschal acknowledged that he was a "habitual criminal," and in his May 2019 jail-call recording, he noted that he had been indicted with "simple robbery, 2–10" and that "they didn't slap [him] with a habitual criminal, *which is 25 to life*." [Emphasis added.] The State later filed a notice of

---

[5]Paschal's pro se documents were not filed until the morning of March 2, 2020, before voir dire began, but Paschal signed and dated them February 24, 2020.

intent to add the 2015 prior felony conviction for enhancement purposes and then an amended notice of intent to add the 2001 prior felony conviction.

Because the record affirmatively demonstrates that Paschal knew the applicable punishment range before trial, *see Argent*, 393 S.W.3d at 784, we overrule his sole issue and affirm the trial court's judgment. *See generally Thompson*, 9 S.W.3d at 813 (requiring record to affirmatively demonstrate ineffective-assistance claim's merit).

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  August 26, 2021