Angel OBELLA, Appellant

v.

The STATE of Texas

NO. PD-1032-16

Court of Criminal Appeals of Texas.

DELIVERED: February 8, 2017

ception applies in this case.

Lane D. Thibodeaux, for Appellant

Lisa McMinn, for the State of Texas

## OPINION

Per curiam.

Appellant entered a plea of guilty to the offense of aggravated sexual assault and was sentenced by the trial court to 30 years' imprisonment. Appellant filed a motion for new trial alleging that his plea was involuntary based on ineffective assistance of counsel, and requesting that the motion be set for a hearing. Appellant attached affidavits in support of his allegations. The State filed a response to the motion and attached an affidavit of appellant's trial counsel. The trial court did not hold a hearing and the motion was overruled by operation of law.

On appeal, appellant claimed the trial court abused its discretion by not conducting a hearing on his motion for new trial. The court of appeals agreed and held that appellant's pleadings sufficiently raised factual allegations that were not determinable from the record and, therefore, the trial court abused its discretion by failing to hold a hearing. *Obella v. State*, No. 07–15–00271–CR, ―― S.W.3d at ――, 2016 WL 3660018 (Tex. App.–Amarillo July 1,

2016). The court abated the appeal and remanded to the trial court to conduct a hearing.

The State filed a motion for rehearing in the court of appeals, alleging that appellant failed to preserve his new-trial claim because he did not timely "present" the motion to the trial court. The court of appeals denied the State's motion for rehearing. A letter signed by the clerk of the court of appeals and filed in the clerk's record states in part:

> The State's Motion for Rehearing is this day denied. The Court deems the issue of whether appellant made an effective and timely presentment of the motion for new trial to have been procedurally defaulted by the State's failure to raise the issue prior to its motion for rehearing. "The sole purpose of a motion for rehearing is to provide the court an opportunity to correct any errors on issues already presented." *Phifer v. Nacogdoches Cty. Cent. Appraisal Dist.*, 45 S.W.3d 159, 166 (Tex. App.–Tyler 2000, pet denied)(citing *Wentworth v. Meyer*, 839 S.W.2d 766, 778 (Tex. 1992)(Cornyn, J., dissenting)). A motion for rehearing does not afford a party an opportunity to raise new issues." *Id.* The State could have raised the issue of presentation in its brief on the merits but did not.

■ The State has now filed a petition for discretionary review claiming, in part, that the issue of presentment involves an issue of error preservation, that issues involving preservation of error are systemic and should be addressed by the reviewing court on its own motion, and that the court of appeals erred in not deciding the issue of presentment after it was brought to the court's attention in the State's motion for rehearing. We agree.

■ A motion for new trial must be "presented" to the trial court within 10 days of its filing. TEX. R. APP. P. 21.6. This means the defendant must give the trial court actual notice that he timely filed a motion for new trial and requests a hearing. *Rozell v. State*, 176 S.W.3d 228, 230 (Tex. Crim. App. 2005). The rationale for requiring presentment is the same as that which supports preservation of error generally. *Id.* "Absent a proper objection that alerts the trial court to the erroneous admission, the error has not been preserved for appellate review. Thus, a reviewing court does not reach the question of whether a trial court abused its discretion in failing to hold a hearing if no request for a hearing was presented to it." *Id.* (footnote omitted).

■ Further, as the State correctly points out, "it is the duty of the appellate courts to ensure that a claim is preserved in the trial court before addressing its merits." *Wilson v. State*, 311 S.W.3d 452, 473 (Tex. Crim. App. 2010). The State specifically brought the presentment issue to the court of appeals' attention in its motion for rehearing, and the court declined to address it, suggesting that the issue of presentment had been procedurally defaulted by the State.

■ A court of appeals must issue a written opinion "that addresses every issue raised and necessary to final disposition of the appeal." TEX. R. APP. P. 47.1. "An appellate court 'may not *reverse* a judgment of conviction without first addressing any issue of error preservation.'" *Gipson v. State*, 383 S.W.3d 152, 159 (Tex. Crim. App. 2012) (emphasis in original) (quoting *Meadoux v. State*, 325 S.W.3d 189, 193 n.5 (Tex. Crim. App. 2010)).

We grant ground (1) of the State's petition, vacate the judgment of the court of appeals, and remand this case to that court address whether appellant properly pre-

sented his motion for new trial to the trial court.[1]

We refuse ground (2) of the State's petition for discretionary review without prejudice.

---

1. We note that the court of appeals expressly set aside the notice of appeal and declared the abatement in this case to be its final disposition. *Obella*, —— S.W.3d —— n. 7, slip op. at 7 & n.7. *Compare Jack v. State*, 149 S.W.3d 119, 123–24 (Tex. Crim. App. 2004) (ordinarily, this Court will not entertain a petition for discretionary review from an interlocutory order of abatement that does not finally dispose of case in the court of appeals).