# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-17-00162-CR

**Mario Andreas Company, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 390TH JUDICIAL DISTRICT
### NO. D-1-DC-16-904095, HONORABLE BOB PERKINS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Mario Andreas Company appeals his convictions for aggravated robbery. *See* Tex. Penal Code § 29.03. Company entered a plea of guilty to both counts, the jury assessed punishment at twenty-three years' imprisonment on each count, and the district court rendered its judgment of conviction on both counts with the sentences running concurrently.

On appeal, Company contends that the district court erred by sustaining the State's objection to exclude testimony about the length of sentence that Company's accomplice received. The State contends that Company failed to preserve this appellate issue for review. We agree and will affirm the judgments of conviction.

## BACKGROUND[1]

Company was charged by indictment with two counts of aggravated robbery committed against a husband and wife involving a violent home invasion. As a result of this incident, the husband stated that he suffered a severe head injury requiring 200 stitches and causing permanent scarring, severe jaw injuries, broken dentures, and an "orbital blowout" of his right eye leaving him with permanent eye damage, including a pupil that will not dilate. During his hospital stay, the husband was treated by Dr. Timothy McGee, a plastic surgeon. Dr. McGee testified that the husband had broken facial bones and multiple facial cuts, at least eight major wounds to his head, and trauma to his right eye. Dr. McGee also testified that the husband was in critical condition upon arrival at the hospital and would have died without treatment because of his blood loss and his concussive syndrome. Dr. McGee further testified that as a result of the attack, the husband suffered permanent nerve damage in his eye. After trial, the jury found Company guilty of both counts as charged in the indictment and assessed his punishment, and the district court rendered judgment in accordance with the jury's verdict. This appeal followed.

## DISCUSSION

Company contends that the district court erred by sustaining the State's objection excluding him from introducing evidence of the sentence that his accomplice received for his role in these aggravated robberies. Company complains specifically that such information was relevant

---

[1] The facts are summarized from the testimony and exhibits admitted into evidence at trial.

2

under Texas Rule of Evidence 401 and would have provided a useful comparison for the jury in deciding the length of his sentence for his role in the offenses. *See* Tex. R. Evid. 401.

Before addressing the merits of Company's appellate issue, we must determine whether he preserved it for review. "[I]t is the duty of the appellate courts to ensure that a claim is preserved in the trial court before addressing its merits." *Obella v. State*, 532 S.W.3d 405, 407 (Tex. Crim. App. 2017) (quoting *Wilson v. State*, 311 S.W.3d 452, 473 (Tex. Crim. App. 2010)); *Ford v. State*, 305 S.W.3d 530, 532 (Tex. Crim. App. 2009) (stating that appellate courts should not address merits of issue that has not been preserved for appeal). To preserve error for appellate review, a party must make a timely and specific objection at the earliest possible opportunity and obtain an adverse ruling from the trial court, and the complaint on appeal must correspond to the objection made at trial. *Yazdchi v. State*, 428 S.W.3d 831, 844 (Tex. Crim. App. 2014); *see* Tex. R. App. P. 33.1(a).

Here, Company received no adverse ruling on his objection. During a bench conference, the following exchange occurred and the court was never asked to reconsider its ruling:

| [Prosecutor]: | Your Honor, it's clear from the case law that it is inappropriate and not admissible mitigating evidence to talk about or include in punishment what a co-defendant[2] received because what this jury is being asked to do is decide the punishment for this defendant for the actions that he committed and for the lifestyle that he has led, not for anything comparative to a co-defendant and the circumstances in the co-defendant's case, and part of the reason they do that |
| --- | --- |

---

[2] The State notes that during trial Company's accomplice was referred to as his "co-defendant," but the record does not show that they were charged in the same charging instrument or prosecuted in the same legal proceeding.

3

is because of this very case here where you have a situation where the co-defendant may have gotten a very good deal because there was no evidence connecting him to the case, and that would just open up a whole new case of why did the co-defendant get what he got and going through all of that, and that's not what we're here to decide. What we're here to decide is what does this defendant deserve.

I think both <u>Evans v. State</u> states very specifically that each defendant should be judged by his own conduct and participation by his own circumstances, and it's not relevant the punishment of a co-defendant and should not be mitigating. And then additionally in <u>Joubert v. State</u>, it looks like Florida had at some point allowed this information in. The Court of Criminal Appeals reevaluated what they thought was relevant and mitigating in punishment, and they restated very specifically that they have rejected that argument and they don't believe that that relates to either the defendant's character or his record or the circumstances of the offense, and it should have no bearing on the defendant's own moral culpability.

THE COURT: All right. Any argument from the Defense?

[Defense counsel 1]: Your Honor, we would argue that I need an opportunity to look at my own case law.

. . . .

[Defense counsel 1]: What I would ask, Your Honor, is that we can move forward sustaining that objection. We'll look up the evidence or the cases over the break. If I find something, maybe we can rehear it, but we're ready to move forward.

THE COURT: I'm happy for you to continue to look for stuff. That's fine. All right. At this time then I do find that the motion in limine of course was well put, and I do sustain the State's objection to that particular statement. I do feel that his testimony about his opinion as to what he thinks is appropriate, I think he can give that, but I do sustain their objection to it being compared to any other person's sentence.

4

[Defense counsel 2]: I'm sorry, Judge, just so that I can be clear and so Mr. Company can understand.

THE COURT: Right. So, Mr. Company, you understand that I'm going to let you testify, they had asked you a question as to what you thought was a fair sentence, you've said ten years. You were starting to explain the reasons why when the objection was made. I think you can go into those reasons, but what you cannot say is anything comparing your sentence with [accomplice]'s sentence or anything about what [accomplice] got or anything like that. You cannot go into that. Do you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: Okay.

There was no adverse ruling to Company. Thus, he failed to preserve error as to the exclusion of the length-of-sentence evidence. *See* Tex. R. App. P. 33.1(a); *Yazdchi*, 428 S.W.3d at 844. We overrule Company's appellate issue.

## CONCLUSION

We affirm the district court's judgments of conviction.

_____

Jeff Rose, Chief Justice

Before Chief Justice Rose, Justices Goodwin and Field

Affirmed

Filed: July 20, 2018

Do Not Publish

5