

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-20-00034-CR
No. 02-20-00035-CR

———————————————————

MICHAEL RAY KERR, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 43rd District Court
Parker County, Texas
Trial Court Nos. CR19-0626, CR19-0627

Before Bassel, Womack, and Walker, JJ.
Memorandum Opinion by Justice Walker
Justice Womack concurs without opinion

## MEMORANDUM OPINION

Appellant Michael Ray Kerr appeals his convictions for unauthorized use of a motor vehicle and for evading arrest or detention with a vehicle. In two issues, he argues that the trial court abused its discretion by failing to conduct a hearing on his motion for new trial and by denying his motions to continue the trial. Kerr, however, failed to properly present his new-trial motion to the trial court and has shown neither error nor prejudice attributable to the continuance denials. Thus, the trial court did not abuse its discretion, and we affirm the trial court's judgments.

## I. BACKGROUND

On June 13, 2019, Scotty Edmunds called the police to report that his 2012 black Chevrolet Silverado truck had been stolen. Two days later, Sheriff's Deputy Jarrett Turner was informed that a truck had been stolen, that Kerr was in possession of the truck,[1] that Kerr had active warrants for his arrest, and that Kerr had facial tattoos. Turner later saw a "black Chevy 2500" drive past him. When Turner followed the truck, he electronically checked its license-plate number and discovered that the plates had not been registered to that truck. Turner then saw the truck pull up to a bank ATM. Turner recognized the driver as Kerr because of his facial tattoos.

When Kerr drove away from the ATM, Turner turned on his patrol car's overhead lights. Kerr sped off, later swerved off of the road, and jumped out of the

---

[1]It is unclear from the record how the police knew that Kerr was in possession of the stolen truck. The record only reflects that this information was shared during a pre-shift briefing.

car while it was still moving. A woman followed Kerr out of the driver's side of the truck. Kerr ran away, and Turner chased him for a short time. When Turner lost sight of Kerr, he went back to where Kerr and the woman had jumped out to secure the truck, which had hit a pole. About an hour later, Turner and another officer searched the area to try to find Kerr. Kerr was eventually found and arrested. Kerr told Turner that he had been driving the truck, that he knew the truck was stolen, that the truck belonged to "Mary Daniels," and that "[s]he was in the backseat."

Kerr, a repeat felony offender, was indicted with unauthorized use of a motor vehicle and with evading arrest or detention with a vehicle, and the cases were consolidated and set for a February 10, 2020 trial. *See* Tex. Penal Code Ann. §§ 3.02, 12.42, 31.07(a), 38.04(a).

Kerr's trial counsel filed three motions for continuance. The first motion was an agreed motion for continuance, filed three days before trial, alleging that "new facts and information" had been discovered, necessitating further investigation, and that counsel had a scheduling conflict. The trial court denied the motion.

On the first day of trial, Kerr filed a second motion for continuance and contended that "officers believed someone besides [Kerr] was responsible for stealing the vehicle that was involved in this case." Kerr's counsel also filed a motion for the appointment of an investigator with her second continuance motion "to [e]nsure that defendant receives the right to effective assistance of counsel." Before voir dire began, the trial court addressed the continuance issue. Kerr's counsel asserted that

3

she had also filed a third motion for continuance that morning "just to be on the safe side."[2]  The trial court orally denied the second and third continuance motions but granted the motion for an investigator.[3]

On February 13, a jury found Kerr guilty of unauthorized use of a motor vehicle and of evading arrest or detention with a vehicle.  After a punishment hearing, the jury assessed his sentences at 20 years' confinement for unauthorized use of a motor vehicle and at 75 years' confinement for evading arrest or detention with a vehicle.  The trial court set the sentences to run concurrently.  *See id.* § 3.03(a).  Kerr filed a notice of appeal that same day, and the trial court appointed him appellate counsel.

On February 26, the trial court held a hearing on the State's agreed motion to correct the appellate record.[4]  The trial court granted the motion and allowed Kerr to "speak to the Court."  Kerr complained that he had not wanted to go to trial and had wanted to accept the State's 50-year plea-bargain offer but that his trial counsel had not allowed him to accept it.  The trial court took no action on Kerr's assertion.

---

[2]The third motion was not filed until the next day—February 11; however, Kerr's counsel provided copies of the motion to the State and to the trial court before the trial court orally denied it.  The third motion averred that "new facts and information about the case came to light over the weekend, and that information needs to be investigated further."

[3]The order denying the second and third continuance motions was filed on February 12.  The clerk's record does not contain an order granting the motion for an investigator.

[4]Both Kerr's trial and appellate counsel were present at the hearing.

4

On March 12, Kerr filed a timely, verified motion for new trial, alleging ineffective assistance of counsel and requesting a hearing. *See* Tex. R. App. P. 21.3(h), 21.4(a). Kerr attached his affidavit to the motion and alleged that his trial counsel had blocked his acceptance of the State's plea-bargain offer and had not been prepared for trial, which was shown by her late requests to continue the trial and for an investigator and by her ignorance of the basic facts of the offenses. The motion also included a "certificate of presentment," certifying that Kerr's appellate counsel had "hand-delivered" a copy of the motion "to the Office for the 43rd Judicial District Court of Parker County." *See* Tex. R. App. P. 21.6. The State filed a response to the motion and argued that because Kerr had failed to make a prima facie showing of deficient performance or of prejudice arising from trial counsel's performance, he was not entitled to a hearing on his motion. The trial court did not hold a hearing, and the motion was deemed denied. *See* Tex. R. App. P. 21.8(c).

## II. NEW-TRIAL HEARING

On appeal, Kerr argues in his first issue that the trial court abused its discretion by failing to hold a hearing on his new-trial motion. We review the trial court's failure to hold a requested hearing on a motion for new trial for an abuse of discretion. *Wallace v. State*, 106 S.W.3d 103, 108 (Tex. Crim. App. 2003).

To preserve an appellate complaint that a new-trial hearing should have been held, an appellant must have timely filed a motion for new trial, must have requested a hearing on the motion, and must have timely presented the motion and hearing

5

request to the trial court by giving actual notice of both. *See Montelongo v. State*, No. PD-0202-19, 2021 WL 1936543, at \*4 (Tex. Crim. App. May 12, 2021); *Obella v. State*, 532 S.W.3d 405, 407 (Tex. Crim. App. 2017) (per curiam); *see also* Tex. R. App. P. 21.6. Here, the only record evidence of the presentment requirement is the certificate of presentment. A certificate of presentment alone is insufficient to establish that the motion and hearing request were presented to the trial court. *See Colone v. State*, 573 S.W.3d 249, 259 (Tex. Crim. App. 2019); *Gardner v. State*, 306 S.W.3d 274, 305 (Tex. Crim. App. 2009). The record contains no other indication that the motion and request were actually brought to the trial court's attention; thus, this issue has not been preserved for our review, and the trial court cannot be faulted for failing to conduct a hearing. *See, e.g.*, *Gardner*, 306 S.W.3d at 305–06; *Neeley v. State*, No. 02-14-00241-CR, 2015 WL 1967306, at \*1–2 (Tex. App.—Fort Worth Apr. 30, 2015, no pet.) (mem. op., not designated for publication); *Bearnth v. State*, 361 S.W.3d 135, 145 (Tex. App.—Houston [1st Dist.] 2011, pet. ref'd); *Burrus v. State*, 266 S.W.3d 107, 115–16 (Tex. App.—Fort Worth 2008, no pet.); *Longoria v. State*, 154 S.W.3d 747, 762–63 (Tex. App.—Houston [14th Dist.] 2004, pet. ref'd). The State did not raise preservation in response to this appellate issue, apparently concluding that the motion had been properly presented to the trial court; however, we must address preservation even on our own motion because it is a systemic requirement. *See Ford v. State*, 305 S.W.3d 530, 532–33 (Tex. Crim. App. 2009). Accordingly, we overrule Kerr's first issue.

## III. DENIAL OF CONTINUANCES

In his second issue, Kerr argues that the trial court abused its discretion by denying trial counsel's three continuance motions because the denials deprived him of the ability to present a defensive theory—that someone else had stolen the truck. We review the denials for an abuse of discretion. *Gallo v. State*, 239 S.W.3d 757, 764 (Tex. Crim. App. 2007). A continuance denial will be an abuse of discretion only if the appellant shows both error and prejudice. *Gonzales v. State*, 304 S.W.3d 838, 843 (Tex. Crim. App. 2010). Error occurs if the appellant made a convincing case for delay such that no reasonable trial judge could conclude scheduling, or the State's interest, outweighed the appellant's interest in a delay of the trial. *Id.* An appellant establishes prejudice by specifically showing how he was harmed by the absence of more preparation time than he actually had. *Id.* at 842–43.

Kerr has shown neither error nor prejudice. The newly discovered evidence Kerr relied on to request a continuance, specifically that someone else had stolen the truck, was not relevant to the offenses with which Kerr was charged. Kerr was not charged with theft of the truck, and he admitted that he knew the truck he was driving had been stolen. *See* Tex. Penal Code Ann. § 31.07(a). Accordingly, the trial court could have concluded that scheduling and other considerations outweighed Kerr's interest in a trial delay. *See, e.g.*, *Nwosoucha v. State*, 325 S.W.3d 816, 827–28 (Tex. App.—Houston [14th Dist.] 2010, pet. ref'd).

Kerr's assertion of prejudice is likewise insufficient. He argues that the denials precluded him from "assessing, addressing, or preparing for the new facts and information." This bare assertion does not raise specific prejudice to his defense. *See Heiselbetz v. State*, 906 S.W.2d 500, 511–12 (Tex. Crim. App. 1995). Further, the jury heard evidence that Kerr was not alone in the truck and that Kerr did not admit to stealing the truck, which apparently was the extent of the "new facts and information" referred to in the continuance motions. These facts negate any prejudice assertion. *See Gallo*, 239 S.W.3d at 765. We overrule issue two.

## IV. CONCLUSION

By failing to sufficiently present his new-trial motion to the trial court, Kerr cannot assert on appeal that the trial court abused its discretion by failing to hold a hearing on it. Kerr has failed to show either that the trial court erred by denying his motions for continuance or that the denials prejudiced his defense. Accordingly, we overrule Kerr's two issues and affirm the trial court's judgments. *See* Tex. R. App. P. 43.2(a).

/s/ Brian Walker

Brian Walker
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: July 1, 2021

8