

In The

Court of Appeals

Seventh District of Texas at Amarillo

_____

No. 07-22-00187-CR

_____

LOUIS GARCIA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 100th District Court
Collingsworth County, Texas
Trial Court No. 3081, Honorable Stuart Messer, Presiding

July 12, 2023

OPINION

Before QUINN, C.J. and PARKER and YARBROUGH, JJ.

" . . . there's many a slip 'twixt the cup and the lip." That is no less applicable to the sole issue before us. Louis Garcia appealed the adjudication of his guilt for the second-degree felony offense of aggravated assault with a deadly weapon. The trial court sentenced him to an 18-year prison term and levied a $500 fine. The sole issue we mentioned involves his complaint about the sentence being grossly disproportionate to

the offense in violation of the Eighth Amendment to the United States Constitution. We affirm.

Binding authority obligates us to determine whether appellant preserved for review his complaint before addressing its merits. *Obella v. State*, 532 S.W.3d 405, 407 (Tex. Crim. App. 2017) (quoting *Wilson v. State*, 311 S.W.3d 452, 473 (Tex. Crim. App. 2010)). To preserve a complaint about a sentence being grossly disproportionate or otherwise cruel and unusual punishment, a defendant must inform the trial court of the matter through a timely request, objection, or motion. *Green v. State*, Nos. 07-19-00411-CR, 07-19-00412-CR, 07-19-00413-CR, 2021 Tex. App. LEXIS 5589, at *16 (Tex. App.—Amarillo July 14, 2021, pet. ref'd) (mem. op., not designated for publication). That may occur at the time of sentencing or via a motion for new trial. *Abney v. State*, No. 10-19-00139-CR, 2020 Tex. App. LEXIS 10400, at *10 (Tex. App.—Waco Dec. 30, 2020, no pet.) (mem. op., not designated for publication); *Hakim v. State*, No. 07-19-00088-CR, 2019 Tex. App. LEXIS 8928, at *1 (Tex. App.—Amarillo Oct. 7, 2019, pet. ref'd) (mem. op., not designated for publication); *accord Castaneda v. State*, 135 S.W.3d 719, 723 (Tex. Crim. App. 2003) (holding that appellant failed to preserve his complaint about the sentence being cruel and unusual since he neither objected to it when the trial court pronounced it nor raised it in a motion for new trial).

Here, appellant said nothing of the matter at time of sentencing. Instead, he attempted to raise disproportionality through an amended motion for new trial. Utilizing that avenue, though, resurrected another hurdle. Clearing it required presentation of the motion to the trial judge or another authorized to act for him. *Stokes v. State*, 277 S.W.3d 20, 21–22 (Tex. Crim. App. 2009) (quoting *Carranza v. State,* 960 S.W.2d 76 (Tex. Crim.

App. 1998)); *Valdez v. State*, No. 03-16-00191-CR, 2017 Tex. App. LEXIS 5813, at \*4 (Tex. App.—Austin June 23, 2017, no pet.) (mem. op., not designated for publication). And, presentation must be through a means affording "actual notice" of the motion. *Obella*, 532 S.W.3d at 407.

Upon reviewing the limited appellate record, we encountered only one possible means of presentation attempted by appellant. It appears in the amended motion for new trial under the label "Certificate of Presentment." Therein, defense counsel certified "that a true and correct copy of the above and foregoing has been e-served on the Office for the 100th Judicial District Court of Collingsworth County, on this day, July 6, 2022." Yet, the record does not reflect that the "Office" received the e-service. Nor does it reflect that if the "Office" received it, the trial judge or anyone authorized to act for the court saw it or its content (i.e., the motion for new trial attached to the email).

Referring back to "slip being between the cup and the lip," we hesitate to say that sending an email alone proves the recipient gained actual notice of its content. Email addresses may be wrong, resulting in nondelivery. Programs may divert them to spam or junk files. The missives may wander long periods of time within the mysterious ethernet before ultimate delivery. They may be hidden within a morass of unsolicited emails. Attachments may go unattached. Or, emails may just go unseen. Those potentialities may well be why the Dallas Court of Appeals in *Hashmi v. State*, Nos. 05-21-01129-CR, 05-21-01130-CR, 05-21-01131-CR, 05-21-01132-CR, 2022 Tex. App. LEXIS 7949 (Tex. App.—Dallas Oct. 26, 2022, pet. ref'd) (mem. op., not designated for publication) concluded that the email sent to a court coordinator "does not constitute presentment . . . as the record contains nothing showing the . . . coordinator received

3

actual notice of it." *Id.* at \*10.  We agree.  Without more than an allegation about sending an email, the circumstances at bar do not establish that the trial judge or someone with authority to act for him had actual notice of the amended motion for new trial or the disproportionality claim within it.

And even if sending an email was possibly some evidence of presentment warranting further development through abatement of the appeal, *see Obella*, 2017 Tex. App. LEXIS 5511, at \*5–6 (discussing the possibility of abatement to develop the issue of presentment), the law does not require performance of a futile act.  *Hill v. State*, 90 S.W.3d 308, 316 (Tex. Crim. App. 2002) (refusing to abate the cause since it would be a futile act).  Abatement would be futile here since the record lacks evidence of satisfying factors of the applicable disproportionality test.  The factors of which we speak concern evidence of sentences imposed on other criminals in the same jurisdiction as well as those imposed for commission of the same crime in other jurisdictions.  *Valles v. State*, No. 07-18-00049-CR, 2018 Tex. App. LEXIS 9828, at \*3–4 (Tex. App.—Amarillo Nov. 29, 2018, no pet.) (mem. op., not designated for publication) (describing these as two of the three factors to be considered).  Appellant merely concludes in his brief that the judge of the 100th Judicial District "regularly assess[es] the maximum sentence, or near the maximum sentence for all defendants that have violated the terms and conditions of their community supervision."  On the other hand, those in surrounding districts levy "punishment . . . regularly significantly less for revocations if the defendant does not have a prior criminal history."  But, again, those are conclusions lacking evidentiary support.  Without such support, we cannot analyze the validity of appellant's complaint even if abatement proved that appellant actually presented his motion to the trial court.

Consequently, we overrule appellant's sole issue and affirm the judgment.


Brian Quinn
Chief Justice

Publish.