**Affirmed and Opinion Filed May 15, 2024**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-23-00063-CR

**DAVID GENE PETERSON, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 204th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F22-00349**

## MEMORANDUM OPINION

Before Justices Reichek, Carlyle, and Miskel
Opinion by Justice Miskel

David Gene Peterson appeals the trial court's judgment convicting him of continuous sexual abuse of a child under 14 years of age. The jury found him guilty and the trial court assessed his punishment at 25 years of imprisonment. Peterson raises two issues on appeal arguing that: (1) the evidence is insufficient to support his conviction; and (2) the trial court erred when it overruled his motion for new trial. We conclude the evidence is sufficient and the trial court did not err. The trial court's judgment is affirmed.

## I.    Factual and Procedural Background

In 2007, the victim's parents, sister, and brother moved to Dallas County, Texas, from Vietnam. The victim's paternal aunt and her children were already living in Dallas when they moved to the country. Peterson was married to the victim's paternal aunt at the time the family moved to the United States. He helped the family to move, helped the victim's father to get a job, and assisted the family with becoming familiarized with life in America. According to the victim's older sister, the family was 100% reliant on Peterson when they moved to the United States because they did not speak English or know their way around. The victim was born in 2008, shortly after her parents relocated to the United States.

When the victim was 4 years old, she started preschool and was picked up at the end of the day by either her parents or Peterson. Once she began elementary school, Peterson, who was not working at the time, would pick the victim up from school every day and take her to his house.

When Peterson's stepdaughter was 16 or 17 years old, he took her boyfriend's phone without permission. That phone contained videos that her boyfriend had taken of them engaging in sex and intimate photographs. Peterson did not return the phone until his stepdaughter woke her mom and "made a big fuss." Peterson would show his stepdaughter pornography and also requested a naked photograph of her as a birthday gift. At some point in 2015, Peterson's stepdaughter told her mom about Peterson's behavior and showed her some of the photographs on his phone. Her

mother told her not to contact the police because it would embarrass the family and that she would handle it.

Peterson also took the victim's older sister to purchase her prom dress and escorted her to the prom. According to the victim's older sister, after she purchased her prom dress, Peterson began asking her questions about her sexual history and if she wanted to see some sexually explicit photos and videos of her cousin (Peterson's stepdaughter) and aunt (Peterson's wife). Even though the victim's sister said no, Peterson showed them to her anyway. When the victim's sister asked where he got these images, Peterson responded that her cousin left them laying around. Then, he asked if she would send him some photos of herself naked.

After Peterson took the victim's sister home, she called her cousin (Peterson's stepdaughter) who told her that she had a similar experience with him. She also texted her brother warning him that Peterson was a pedophile and asking him to make certain their younger sister, the victim, was not alone with him. She also expressed concern that Peterson may have molested their younger sister and requested that her brother ask their younger sister if Peterson had touched her "somewhere" or told her not to tell anyone. Her brother responded that he had asked their younger sister as requested and she had answered "no."

A few days later, Peterson requested naked photographs of the victim's sister again by text message, but she refused. The victim's sister told her family. In

response, they were angry and tried to limit Peterson's contact with them. The family did not report the matter to the police.

Later, Peterson sent the victim's sister a text apologizing and she responded:

> You stay the fuck away from my sister. And you are not sorry. You only apologized because you got caught. What the fuck is wrong with you? She's only 6. You fucking bastard, stay the fuck away from my sister.

The victim's sister was concerned and asked the victim if something had happened to her. The victim said no, only that Peterson had shown her videos of people having sex which made her uncomfortable. As a result, in 2015, the family decided that the victim was no longer allowed to be alone with Peterson.

On the night of July 4, 2020, the victim's older sister found the victim in her room looking at pornographic pictures on her laptop computer and she found a letter that stated at the top "I was four or five" and was dated June 2019. The letter was admitted and read at trial without objection and stated in part:

> Why? Why is it so hard to talk about? Why can't I tell my sister? She will understand. Every time I'm about to tell her, no words come out. Why can't I say just say, "I like boys and girls?" And Dad cheated on Mom? And I . . . . Of what he did, I don't know. I'm scared if I tell anybody, they won't understand and they would judge me. I'm so scared to tell anyone. And [Peterson], he took advantage of me. He asked me to . . . . I said no. He kept on pressuring me. He manipulated me into saying yes. He made me do it every day after school. It was at [preschool]. . . . He stole [my older cousin's (Peterson's stepdaughter)] private videos and showed it to me. He showed me inappropriate things. He told me how babies are made at four or five years old. . . . . One time I remember he was driving me someplace to eat with the family. We posted a sign. He said it reminded him of me. I didn't get it. But I do now. Why would he say that to a child? He showed me my aunt's private video and his ex-wife. He even filmed me on his

–4–

birthday. I'm so mad. I really wish I could talk to someone. I really want to tell my sister, but I'm too scared. I will promise myself I will tell her when I'm ready.

The victim's older sister spoke with her about the letter and, afterward, took a photograph of the letter and sent that photo to their older cousin who was mentioned in the letter. About 2 months later, the family reported what had happened to the police.

The victim was interviewed by a forensic interviewer. During that interview, she described Peterson showing her pornography and having her perform oral sex on him. She also reported that Peterson told her to keep it a secret. The victim stated that it happened most of the time when Peterson picked her up from preschool but it stopped by the time she was in the first grade. The victim said that, when she was in the fourth grade, she told a friend that Peterson had made her perform oral sex on him while holding a gun to her head. However, she stated that she made up the part about the gun because she felt guilty.

Peterson was indicted for the offense of continuous sexual abuse of a child younger than 14 years of age. The jury found him guilty and the trial court assessed his punishment at 25 years of imprisonment. On October 19, 2022, the trial judge signed a judgment that had errors in it. As a result, the State filed a motion for judgment nunc pro tunc which the trial court granted. A corrected judgment was signed on October 28, 2022.

Peterson filed a motion for new trial, attaching the affidavits of several individuals, and requested a hearing. After the motion for new trial was overruled by operation of law, the trial court held an evidentiary hearing on the motion and denied it.

## II.     Sufficiency of the Evidence

In issue one, Peterson argues the evidence is insufficient to support his conviction.

## A.     Standard of Review

Under the Due Process Clause, a criminal conviction must be based on legally sufficient evidence. *Braughton v. State*, 569 S.W.3d 592, 607 (Tex. Crim. App. 2018) (citing *Jackson v. Virginia*, 443 U.S. 307, 315–16 (1979)). When assessing the sufficiency of the evidence, an appellate court considers all of the evidence in the light most favorable to the verdict to determine whether the jury was rationally justified in finding guilt beyond a reasonable doubt. *See Jackson*, 443 U.S. at 318–19; *Witcher v. State*, 638 S.W.3d 707, 709–10 (Tex. Crim. App. 2022). Further, an appellate court is required to defer to the jury's credibility and weight determinations because the jury is the sole judge of the witnesses' credibility and the weight assigned to their testimony. *See Jackson*, 443 U.S. at 319, 326; *Witcher*, 638 S.W.3d at 710. An appellate court will consider all evidence when reviewing the sufficiency of the evidence, whether direct or circumstantial, properly or improperly admitted,

or submitted by the prosecution or defense. *Jenkins v. State*, 493 S.W.3d 583, 599 (Tex. Crim. App. 2016).

**B.** **Applicable Law**

A person commits the offense of continuous sexual abuse of a child if, during a period that is 30 or more days in duration, he commits two or more acts of sexual abuse and, at the time of the commission of each act, he is 17 years of age or older and the victim is a child younger than 14 years of age. TEX. PENAL CODE ANN. § 21.02(b); *Garner v. State*, 523 S.W.3d 266, 271 (Tex. App.—Dallas 2017, no pet.). Although the exact dates of the abuse need not be proven, the offense requires proof that two or more acts of sexual abuse occurred during a period of 30 days or more. PENAL § 21.02(d); *Garner*, 523 S.W.3d at 271. The statute does not require that the jury agree unanimously on the specific acts of sexual abuse the defendant committed or the exact dates when those acts were committed. PENAL § 21.02(d).

The statute defines an "act of sexual abuse" as including aggravated sexual assault under § 22.021. PENAL § 21.02(c)(4). Section 22.021 identifies several alternative means of committing aggravated sexual assault, including intentionally or knowingly causing the penetration or contact of the mouth of a child with the sexual organ of the defendant. *Id.* § 22.021(a)(1)(B). The testimony of a child victim alone is sufficient to support a conviction for continuous sexual abuse of a child. TEX. CODE CRIM. PROC. ANN. art. 38.07; *Garner*, 523 S.W.3d at 271.

## C.     The Evidence Was Sufficient to Support Peterson's Conviction

At the time of the trial, the victim was 14 years old.  She testified that Peterson would pick her up from preschool the majority of the time and take her to his house where it was just the two of them until her aunt (Peterson's wife) got home from work.  While they were alone, she stated that Peterson would take her into the bedroom and make her lie down on her stomach on the bed.  Then, he would pull his pants down halfway, stand at the edge of the bed, put his erect penis in her mouth, and move it in and out, touching the back of her throat, while moaning.  She said this happened a lot of times while she was in preschool and kindergarten.  She also stated that he would talk to her about sex and he would show her videos of adults having intercourse as well as sexual videos of her cousin (his stepdaughter), her aunt (his wife), and his ex-wife.  The victim stated that it stopped after she told her aunt what he had been doing to her.  She did not tell her sister until about two years later.  The victim's testimony alone is sufficient to support Peterson's conviction for continuous sexual abuse of a child.  *See* CRIM. PROC. art. 38.07; *Garner*, 523 S.W.3d at 271.

Peterson argues the evidence was insufficient because the case required more police investigation, the victim made her outcry after getting caught watching pornography, the victim was influenced by her family's anger toward and discussions about Peterson, the victim's memory of events had been manipulated by her sister and her cousin (Peterson's stepdaughter), and the victim's testimony was

inconsistent. To the extent that Peterson challenges the sufficiency of the evidence on the basis of conflicting inferences that may be drawn from the evidence, it is actually an attack on the credibility and weight assigned to the evidence by the jury. We are required to defer to the jury's credibility and weight determinations. *See Jackson*, 443 U.S. at 319, 326; *Witcher*, 638 S.W.3d at 710.

After reviewing the evidence, we conclude that a rational jury could have found that Peterson committed the offense of continuous sexual abuse of a child younger than 14 years of age. Accordingly, we conclude the evidence is sufficient to support Peterson's conviction.

Issue one is decided against Peterson.

## III. Motion for New Trial

In issue two, Peterson argues the trial court erred when it denied his motion for new trial. He claims that the evidence adduced at the hearing shows that his attorney failed to call character witnesses on his behalf during the trial, which we construe as an ineffective-assistance-of-trial-counsel claim. He also contends that, because he had timely filed a motion for new trial, the trial court retained plenary power over the case even though the hearing on the motion for new trial occurred 97 days after the judgment was signed.

### A. Standard of Review

An appellate court reviews a trial court's denial of a motion for new trial under an abuse of discretion standard. *Colyer v. State*, 428 S.W.3d 117, 122 (Tex. Crim.

App. 2014). A trial court abuses its discretion in denying a motion for new trial only when no reasonable view of the record could support the trial court's ruling. *Id.* An appellate court views the evidence in the light most favorable to the trial judge's ruling and presumes that all reasonable factual findings that could have been made against the losing party were made against that losing party. *Id.*

## B. Applicable Law

If a defendant chooses to file a motion for new trial following conviction, he must do so no later than 30 days after the date the trial court imposes or suspends sentence in open court. TEX. R. APP. P. 21.4(a); *Flores v. State*, 679 S.W.3d 695, 696 (Tex. Crim. App. 2023). The defendant must then present the motion to the trial court within 10 days of the filing. TEX. R. APP. P. 21.6; *Obella v. State*, 532 S.W.3d 405, 407 (Tex. Crim. App. 2017) (per curiam) ("presenting" motion for new trial "means the defendant must give the trial court actual notice that he timely filed a motion for new trial and requests a hearing"). Post-trial motions, like motions for new trial, are not self-proving and any allegations in support of them by way of affidavit or otherwise must be offered into evidence at a hearing even if the motion implicates federal constitutional issues. *Rouse v. State*, 300 S.W.3d 754, 762–63 (Tex. Crim. App. 2009).

Under Rule 21.8, the trial court must rule on a motion for a new trial within 75 days after imposing or suspending sentence in open court. TEX. R. APP. P. 21.8(a); *Flores*, 679 S.W.3d at 697; *Montelongo v. State*, 623 S.W.3d 819, 823

–10–

(Tex. Crim. App. 2021). If the trial court does not rule on the motion within 75 days, the motion is overruled by operation of law. TEX. R. APP. P. 21.8(c); *Flores*, 679 S.W.3d at 697; *Montelongo*, 623 S.W.3d at 823. Once a motion for new trial is overruled by operation of law, the trial court loses jurisdiction to rule upon it. *Flores*, 679 S.W.3d at 697; *Montelongo*, 623 S.W.3d at 823. Actions taken by a court without jurisdiction are void. *Flores*, 679 S.W.3d at 697.

**C.      The Trial Court Did Not Err Because Peterson's Motion for New Trial was Overruled by Operation of Law**

The record shows that the trial court sentenced Peterson on October 13, 2022. Peterson timely filed a motion for new trial on Monday, November 14, 2023, and requested an evidentiary hearing. Attached to his motion were the affidavits of several individuals stating that, although they would have testified as to Peterson's good character, they were not called to testify at his trial. Peterson's motion for new trial was overruled by operation of law on December 27, 2022, at which time the trial court lost jurisdiction. *See* TEX. R. APP. P. 21.8(a), (c); *Montelongo*, 623 S.W.3d at 823.

On January 16, 2023, the trial court held an evidentiary hearing on Peterson's motion for new trial and the trial court denied the motion. On appeal, Peterson does not argue that the trial court erred by failing to hold a timely hearing on his motion for new trial. Instead, he maintains that the trial court retained plenary power over the case because he had timely filed a motion for new trial.

–11–

We conclude the trial court did not have jurisdiction to rule on Peterson's motion for new trial at the time of the January 16, 2023, hearing because the motion had already been overruled by operation of law. *See* TEX. R. APP. P. 21.8(c); *Montelongo*, 623 S.W.3d at 823. The trial court's deadline to rule on the motion for new trial was not procedural in nature—it was jurisdictional—and, after it expired, the trial court lost its authority to act in the case. *See Flores*, 679 S.W.3d at 697; *Montelongo*, 623 S.W.3d at 823. Accordingly, the actions taken by the trial court after the motion for new trial was overruled by operation law are void. *See Flores*, 679 S.W.3d at 697. Also, we conclude that the trial court did not err when Peterson's motion for new trial was deemed denied because, the motion was not self-proving and, although Peterson attached affidavits to his motion, any allegations supported by way of those affidavits had to be offered into evidence at a hearing. *See Rouse*, 300 S.W.3d at 763.

Issue two is decided against Peterson.

## IV. Conclusion

The evidence was sufficient to support Peterson's conviction for continuous sexual abuse of a child under 14 years of age. The trial court did not err when Peterson's motion for new trial was overruled by operation of law.

–12–

The trial court's judgment signed on October 28, 2022, is affirmed.


                                                 /Emily A. Miskel/
                                                 EMILY A. MISKEL
Do Not Publish                                   JUSTICE
TEX. R. APP. P. 47

230063F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

### JUDGMENT

DAVID GENE PETERSON,
Appellant

No. 05-23-00063-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 204th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. F22-00349.
Opinion delivered by Justice Miskel.
Justices Reichek and Carlyle
participating.

Based on the Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

Judgment entered May 15, 2024