**REVERSE and REMAND and Opinion Filed July 22, 2024**



In The

**Court of Appeals**

**Fifth District of Texas at Dallas**

_____

**No. 05-23-00174-CR**
_____

**GLENDA COREAS MACHADO, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 203rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F22-24919-Q**

## OPINION NUNC PRO TUNC

Before Justices Molberg, Pedersen, III, and Goldstein
Opinion by Justice Molberg

"Green dress, shackles on the legs." This is how a law enforcement officer described appellant Glenda Coreas Machado when identifying her in front of the jury in the guilt phase of her trial on a first-degree felony indictment.[1] Her counsel immediately objected and moved for mistrial, which the trial court overruled. Soon thereafter, the jury found Coreas Machado guilty of the offense as charged, and the

---

[1] Coreas Machado was indicted on a first-degree felony charge of manufacturing/possession with intent to deliver a controlled substance—to wit, methamphetamine—in an amount of 400 grams or more. *See* TEX. HEALTH & SAFETY CODE §§ 481.112(f), 481.1121(b)(3).

trial court imposed a sentence of twenty years' confinement in the Institutional Division of the Texas Department of Criminal Justice.

Coreas Machado appeals the trial court's judgment and argues the trial court erred by (1) overruling her counsel's objection and motion for mistrial and (2) failing to explain on the record its reasons for ordering her to be shackled during trial. The State disagrees, both on the merits and by arguing she failed to preserve error. The State also raises a cross-issue regarding court costs. We sustain Coreas Machado's first issue, do not address her second issue or the State's cross-issue,[2] reverse the trial court's judgment, and remand for a new trial.

## BACKGROUND

The pertinent portion of the trial transcript is as follows:

Q. If [Coreas Machado], the person that you – that was arrested that night with methamphetamine were in the courtroom today, would you be able to identify her?

A. Yes.

Q. Can you do so using an article of her clothing?

A. Looks like a green sleeveless shirt.

Q. Can I have the defendant stand up, please, so the officer can identify the full outfit that the defendant is wearing?

A. I stand up too? Yes, it's her standing up.

. . . .

---

[2] We need not address these issues in light of our disposition of Coreas Machado's first issue. *See* TEX. R. APP. P. 47.1 (courts of appeal "must hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal").

Q. [Prosecutor:] Officer, can you come around and see what type of garment the --

[Prosecutor:] Can the officer have permission to come down and see what type of garment the defendant is wearing, please?

THE COURT: Sure.

A. [Witness] Green dress, shackles on the legs.

[Defense counsel]: Objection. Move for mistrial.

THE COURT: Overruled.

[Prosecutor:] Let the record reflect that the witness has identified the defendant in open court.

THE COURT: Record will so reflect.

Later, after the case was submitted to the jury, and after defense counsel made a proffer regarding issues not pertinent to this appeal, defense counsel and the trial court engaged in the following exchange:

[Defense counsel]: Yes, Judge. And I did make a motion for mistrial when the officer, not in response to any question, walked around the side and commented on the fact that she was shackled. And I would suggest to the Court that that is a violation of due process. We do go through procedures not to show a defendant shackled or to have them put on trial in jail clothes or anything to indicate that they are in custody.

THE COURT: I denied that as well. I'm sure that [the prosecutors] will school their witnesses a little bit better in the future about comments on shackling, jail. I don't think any harm was done, and so --

[Defense Counsel]: I think that was inappropriate. I do not fault [the prosecutors] --

THE COURT: I don't either.

[Defense Counsel]:  -- in any way because that was not in response to a question. And as a matter of fact, I don't think it's that big a deal whether that's a tank top or a shirt or dress in identifying the defendant.

THE COURT: I'm not blaming anybody.  I'm just going to say I deny the motion.

[Defense Counsel]:  But this officer, per the testimony, has been with Garland two years and, prior to that, four to six years in California. And I'm sure California works under the same Constitution we do. And has testified there before.

THE COURT: Okay.

(Recess.)

## DISCUSSION

In her first issue, Coreas Machado argues that the trial court violated her right to due process by overruling her counsel's objection and motion for mistrial and that such error must be reversed under rule of appellate procedure 44.2(a).  The State disagrees, both on the merits and by arguing Coreas Machado failed to preserve error.

### *Preservation of Error*

Because a reviewing court should not address the merits of an issue that has not been preserved for appeal, *see Obella v. State*, 532 S.W.3d 405, 407 (Tex. Crim. App. 2017); *Wilson v. State*, 311 S.W.3d 452, 473 (Tex. Crim. App. 2010) (op. on reh'g), before addressing the merits, we consider whether Coreas Machado preserved her first issue for appellate review.

To preserve a complaint for our review, the record must show that the party presented to the trial court a timely request, objection, or motion that states the

–4–

specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion. TEX. R. APP. P. 33.1(a)(1); *Clark v. State*, 365 S.W.3d 333, 339 (Tex. Crim. App. 2012). The record must also show that the trial court "ruled on the request, objection, or motion, either expressly or implicitly" or "refused to rule on the request, objection, or motion, and the complaining party objected to the refusal." TEX. R. APP. P. 33.1(a)(2); *Pena v. State*, 353 S.W.3d 797, 807 (Tex. Crim. App. 2011). In *Clark*, the court stated:

> To preserve error for appellate review, the Texas Rules of Appellate Procedure require that the record show that the objection "stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context." TEX. R. APP. P. 33.1(a)(1)(A). The point of error on appeal must comport with the objection made at trial. Therefore, if a party fails to properly object to constitutional errors at trial, these errors can be forfeited.
>
> . . . [W]here the correct ground for an objection is obvious to the judge and opposing counsel, no waiver results from a general or imprecise objection. . . .
>
> While no "hyper-technical or formalistic use of words or phrases" is required in order for an objection to preserve an error, the objecting party must still "let the trial judge know what he wants, why he thinks he is entitled to it, and to do so clearly enough for the judge to understand him at a time when the judge is in the proper position to do something about it." In determining whether a complaint on appeal comports with a complaint made at trial, we look to the context of the objection and the shared understanding of the parties at the time.
>
> The two main purposes of requiring a specific objection are to inform the trial judge of the basis of the objection so that he has an opportunity to rule on it and to allow opposing counsel to remedy the error. Usually, for a complaint to be obvious without having been explicitly stated and still satisfy the purposes above, there have been statements or actions

on the record that clearly indicate what the judge and opposing counsel understood the argument to be.

*Clark*, 365 S.W.3d at 339 (citations and footnote omitted).

On appeal, Coreas Machado argues defense counsel's immediate objection and motion for mistrial were sufficient to preserve the error for our review because the grounds were apparent from the context and, as shown by the trial judge's later comments, he was sure that the prosecutors would "school their witnesses a little bit better in the future about comments on shackling."

The State makes somewhat contradictory arguments in response. On one hand, the State argues that because Coreas Machado's counsel did not ask for an instruction to disregard[3] or make the due process objection clear at the time of his objection, this casts doubt as to the true nature of the objection, and it was "unclear whether [he] was objecting on due process grounds, prejudicial grounds under [rule of evidence] 403, relevancy under [rule of evidence] 401 or 402, or some other silent rationale." But on the other hand, the State concedes Coreas Machado's trial counsel's later argument that a mistrial should have been declared based on a violation of due process "may be sufficient to preserve" her first issue but not her second issue.

---

[3] To the extent the State suggests otherwise, we note that "requesting lesser remedies is not a prerequisite to a motion for mistrial." *Ocon v. State*, 284 S.W.3d 880, 885 (Tex. Crim. App. 2009). While we acknowledge that "when the movant does not first request a lesser remedy, [appellate courts] will not reverse the court's judgment if the problem could have been cured by the less drastic alternative[,]" *id.*, here, we conclude the problem could not have been cured by a less drastic alternative than mistrial.

We conclude Coreas Machado preserved her first issue for appellate review because, as the record before us reflects, the due process grounds for her objection and motion for mistrial were apparent from the context, both in light of the circumstances and comments immediately preceding the objection and as further evidenced by the trial judge's later comments, which reflected he clearly understood Coreas Machado's objection concerned due process. *See* TEX. R. APP. P. 33.1(a)(1)(A); *Clark*, 365 S.W.3d at 339 ("[W]here the correct ground for an objection is obvious to the judge and opposing counsel, no waiver results from a general or imprecise objection" and "no 'hyper-technical or formalistic use of words or phrases' is required in order for an objection to preserve an error.") (citations omitted); *Pena*, 353 S.W.3d at 807 ("[N]o magic words are needed.").

*Denial of Mistrial*

Next, we determine whether the trial court erred by overruling Coreas Machado's objection and motion for mistrial after the officer identified her in front of the jury by stating, "Green dress, shackles on the legs."

We review the denial of a motion for mistrial under an abuse of discretion standard and must uphold the trial court's ruling if it is within the zone of reasonable disagreement. *Coble v. State*, 330 S.W.3d 253, 292 (Tex. Crim. App. 2010); *see also Becerra v. State*, 685 S.W.3d 120, 127 (Tex. Crim. App. 2024) ("We review a trial court's denial of a motion for a mistrial . . . under an abuse of discretion standard."). Under this standard, we do not substitute our judgment for that of the

–7–

trial court; rather, we decide whether the trial court's decision was arbitrary or unreasonable. *Becerra*, 685 S.W.3d at 127. A trial judge abuses his discretion when no reasonable view of the record could support his ruling. *Id.*

"The law has long forbidden routine use of visible shackles during the guilt phase; it permits a State to shackle a criminal defendant only in the presence of a special need." *Deck v. Missouri*, 544 U.S. 622, 626 (2005). "[T]he Fifth and Fourteenth Amendments prohibit the use of physical restraints visible to the jury absent a trial court determination, in the exercise of its discretion, that they are justified by a state interest specific to a particular trial." *Id.* at 629.

Thirty-five years prior to *Deck*, the Court acknowledged, "[T]he sight of shackles . . . might have a significant effect on the jury's feelings about the defendant," and their use might be "something of an affront to the very dignity and decorum of judicial proceedings that the judge is seeking to uphold." *Illinois v. Allen*, 397 U.S. 337, 344 (1970). Shackling is an "unmistakable" indication of the need to separate a defendant from the community at large. *Holbrook v. Flynn*, 475 U.S. 560, 569 (1986).

"The primary concern in shackling error is the jury's perception of the restraints and the ill effects it may have upon the defendant's presumption of innocence." *Bell v. State*, 415 S.W.3d 278, 282 (Tex. Crim. App. 2013). Absent a showing of exceptional circumstances or a manifest need for such restraint, requiring an accused person to be restrained before the jury infringes on the accused's

constitutional presumption of innocence. *Clark v. State*, 717 S.W.2d 910, 918–19 (Tex. Crim. App. 1986) (referring to an accused's being handcuffed). "Even when exceptional circumstances or a manifest need for such restraint exists, the trial judge should make all efforts to prevent the jury from seeing the defendant in shackles." *Bell*, 415 S.W.3d at 281; *see also Ex parte Chavez*, 560 S.W.3d 191, 202 (Tex. Crim. App. 2018) (orig. proceeding) (citing *Bell*).

No showing of exceptional circumstances or a manifest need for such restraint exists in the record before us, and in the portion of the record at issue, there is no indication the trial judge made any effort whatsoever to prevent the jury from seeing Coreas Machado in shackles. Based on the record before us, we conclude the trial court abused its discretion because no reasonable view of the record could support the ruling, and its decision was arbitrary, unreasonable, and not within the zone of reasonable disagreement, when it overruled Coreas Machado's objection and motion for mistrial after the officer identified her in front of the jury by stating, "Green dress, shackles on the legs." *See Becerra*, 685 S.W.3d at 127; *Coble*, 330 S.W.3d at 292 (both outlining applicable standards).

This does not end our inquiry, however, as we must determine whether reversible error exists under rule of appellate procedure 44.2. The rule states, in part,

> (a) Constitutional Error. If the appellate record in a criminal case reveals constitutional error that is subject to harmless error review, the court of appeals must reverse a judgment of conviction or punishment unless the court determines beyond a reasonable doubt that the error did not contribute to the conviction or punishment.

(b) Other Errors. Any other error, defect, irregularity, or variance that does not affect substantial rights must be disregarded.

In *Bell*, the Texas Court of Criminal Appeals stated,

Therefore, shackling error may rise to the level of constitutional error when the record reflects a reasonable probability that the jury was aware of the defendant's shackles. We do not intend to suggest that reasonable probability in this context means more probable than not; it simply requires a substantial basis supporting a conclusion that the jury perceived the defendant's restraints.

415 S.W.3d at 283.[4]

Based on the record before us, we conclude the trial court's error rises to the level of constitutional error because the record reflects a reasonable probability the jury was aware of Coreas Machado's shackles and perceived her restraints. Immediately before the officer's comment, and in the jury's presence, the trial court had Coreas Machado stand and allowed the officer to leave the witness stand to approach her in order to identify her clothing.[5] The officer's comment, by its very nature, drew the shackles to the jury's attention. In light of the officer's comment and surrounding circumstances, the record reflects a reasonable probability that the

---

[4] Recently, Judge Slaughter from the Texas Court of Criminal Appeals stated, "[T]he question of whether a shackling error is constitutional or non-constitutional error comes down to *whether* the jurors saw the shackles, not the *extent* to which the jurors saw them." *Gennusa v. State*, 689 S.W.3d 320, 324 (Tex. Crim. App. 2024) (Slaughter, J., joined by Richardson and McClure, JJ., concurring) (citing *Deck*, 544 U.S. at 634).

[5] It is not clear from the record where Coreas Machado and the officer stood in relation to the jury or to one another when the officer identified her as wearing a "[g]reen dress, shackles on the legs." Regardless of where they stood at the time of the remark, the record reflects, and the State concedes, the jury was made aware of the shackles through the officer's remark. For example, in its appellate brief, the State indicates "the jury's awareness that Coreas Machado was wearing shackles" came "exclusively through testimony" and argues the "verbal revelation [Coreas Machado] was restrained" did not impact the jury's verdict.

jury was aware of Coreas Machado's shackles and provides a substantial basis to support a conclusion the jury perceived her restraints.

To its credit, the State does not contest that the jury was aware of Coreas Machado's restraints. Rather than argue that we should apply the nonconstitutional harm analysis under rule of appellate procedure 44.2(b), the State instead seems to implicitly accept that the proper analysis is under rule 44.2(a), as the State argues that we should affirm the judgment because, based on the evidence presented to the jury of Coreas Machado's guilt, we may conclude, beyond a reasonable doubt, that the shackling error did not contribute to Coreas Machado's conviction. *See* TEX. R. APP. P. 44.2(a).

We disagree. Although the record certainly contains some evidence to support the jury's finding of guilt, we cannot conclude, beyond a reasonable doubt, that the shackling error did not contribute to her conviction. *See id*. At bottom, given Coreas Machado's testimony at trial and her statements to officers at the scene of the arrest, the case boiled down to a question of Coreas Machado's credibility, and the jury's awareness of Coreas Machado in shackles, not long before the case was submitted to the jury for decision in the guilt phase, could easily have led the jury to ignore reasonable doubts they may have otherwise had and to tip the scale of justice against her and in the State's favor when determining guilt. Under the circumstances of this case, and in light of the long-standing recognition of the negative effect the sight of a criminal defendant in restraints might have upon the

–11–

accused's presumption of innocence, we cannot conclude beyond a reasonable doubt that the jury's awareness of Coreas Machado standing in shackles in the courtroom during the guilt phase did not contribute to the jury's finding of Coreas Machado's guilt.

We sustain Coreas Machado's first issue.

## CONCLUSION

Without addressing Coreas Machado's second issue or the State's cross-issue, we reverse the trial court's judgment and remand for a new trial.

/Ken Molberg/
KEN MOLBERG
JUSTICE

Publish
TEX. R. APP. P. 47.2(b)

230174F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT NUNC PRO TUNC

GLENDA COREAS MACHADO,
Appellant

No. 05-23-00174-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 203rd Judicial
District Court, Dallas County, Texas
Trial Court Cause No. F22-24919-Q.
Opinion delivered by Justice
Molberg. Justices Pedersen, III and
Goldstein participating.

Based on the Court's opinion of this date, the judgment of the trial court is **REVERSED** and the cause **REMANDED** for a new trial.


Judgment entered July 22, 2024