

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-25-00162-CR
_____

PAUL DILLION BROWN A/K/A PAUL DILLON BROWN, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 43rd District Court
Parker County, Texas
Trial Court No. CR25-0053

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Chief Justice Stevens

MEMORANDUM OPINION

Paul Dillon Brown pled guilty to possession with intent to deliver four grams or more but less than 200 grams of fentanyl, a first-degree felony. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.1123(d) (Supp.). After a punishment hearing, the trial court sentenced Brown to life imprisonment.[1]

On appeal, Brown questions whether the trial court erred by entering an order appointing counsel that also found he had financial resources or ability to pay all or part of the cost of legal services.[2] Brown also argues that his sentence violated his Eighth Amendment right to be free from cruel and unusual punishment. *See* U.S CONST. amend. VIII. We affirm the trial court's judgment because (1) Brown, who later employed his own counsel, was not ordered to pay attorney fees in this case and (2) Brown failed to preserve his Eighth Amendment complaint for our review.

## I. Brown Had Retained Counsel and Was Not Ordered to Pay Attorney Fees

After the caption and index, the first item in the clerk's record is the trial court's order appointing counsel for Brown. In that order, the trial court found that the appointment of counsel was necessary "in the interest of justice" and that Brown then "ha[d] financial resources and/or an ability to pay all or part of the cost of legal services and related expenses to be provided by th[at] order." The order also contained language stating, Brown "is ordered to contribute to the

---

[1]Originally appealed to the Second Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (Supp.). We follow the precedent of the Second Court of Appeals in deciding the issues presented. *See* TEX. R. APP. P. 41.3.

[2]In our appellate cause number 06-25-00163-CR, Brown appeals his conviction for theft of a firearm. *See* TEX. PENAL CODE ANN. § 31.03 (e)(4)(c) (Supp.).

cost of the legal services and related expenses as may be ordered by the court." The State concedes the issue and agrees that the order determining appointment of counsel should be modified by deleting the finding that Brown had the ability to contribute to the cost of his trial. On our independent review, we find that no such modification is necessary.

After Brown was appointed counsel, he retained his own counsel. The trial court permitted appointed counsel to withdraw and allowed the substitution of Brown's retained counsel. Brown's appointed counsel represented him at trial and on appeal. For this reason, the trial court's judgment did not order Brown to pay any fee for appointed counsel, and the bill of costs contains no such fee. As a result, we find that no modification to the prior order appointing counsel is necessary.[3]

We overrule Brown's first point of error.

## II.     Brown Failed to Preserve His Eighth Amendment Complaint

In his second point of error, Brown argues that his sentence of life imprisonment violates the Eighth Amendment's prohibition against cruel and unusual punishment because it is "grossly disproportionate to the offense." We find this issue unpreserved.

Brown did not object to the imposition of his sentence. Although the appellate record shows that Brown filed a motion for new trial raising an Eighth Amendment issue, he did not present his motion to the trial court.

---

[3]Brown acknowledges that there is no order to pay attorney fees but argues that the issue is still ripe for our review due to language in *Jones v. State*, 428 S.W.3d 163 (Tex. App.—Houston [1st Dist.] 2014, no pet.). However, the Texas Court of Criminal Appeals in *Jones* determined that the issue was ripe for consideration *because* the written judgment included an order to pay attorney fees. *Id.* at 172 n.2.

"A motion for new trial must be 'presented' to the trial court within 10 days of its filing." *Obella v. State*, 532 S.W.3d 405, 407 (Tex. Crim. App. 2017) (per curiam) (citing TEX. R. APP. P. 21.6). "The term 'present' means the record must show that the movant for a new trial sustained the burden of actually delivering the motion for new trial to the attention or actual notice of the trial court." *Washington v. State*, 271 S.W.3d 755, 756 (Tex. App.—Fort Worth 2008, pet. ref'd) (per curiam). "This means the defendant must give the trial court actual notice that he timely filed a motion for new trial and requests a hearing." *Obella*, 532 S.W.3d at 407 (citing *Rozell v. State*, 176 S.W.3d 228, 230 (Tex. Crim. App. 2005)).

Here, Brown did not ask for a hearing on the motion, and nothing shows that the motion was presented to the trial court. As a result, Brown failed to preserve his Eighth Amendment complaint for our review. *See Washington*, 271 S.W.3d at 756; *Means v. State*, 347 S.W.3d 873, 874 (Tex. App.—Fort Worth 2011, no pet.); *see also Fulton v. State*, No. 02-19-00227-CR, 2020 WL 3969851, at *2 (Tex. App.—Fort Worth June 11, 2020, no pet.) (mem. op., not designated for publication).

## III. Conclusion

We affirm the trial court's judgment.


Scott E. Stevens
Chief Justice

Date Submitted:     March 25, 2026
Date Decided:       April 22, 2026

Do Not Publish