

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-24-00018-CR

_____

VIENGTHONG SIKALASINH, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 108th District Court
Potter County, Texas
Trial Court No. 083739-E-CR, Honorable Douglas Woodburn, Presiding

October 24, 2024

MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and YARBROUGH, JJ.

Following a plea of not guilty, Appellant, Viengthong Sikalasinh, was found guilty by a jury of unlawful possession of a firearm by a felon and aggravated assault with a deadly weapon.[1] By her seven issues, she challenges: (1) the denial of a hearing on her motion for new trial; (2) the sufficiency of the evidence supporting her convictions; (3) the constitutionality of the unlawful possession of a firearm statute on its face; (4) constitutionality of the felon in possession of a firearm statute as applied to her case; (5)

---

[1] TEX. PENAL CODE ANN. §§ 46.04(e), 22.01(a)(1), and 22.02(a)(2).

the finding of her ability to pay fees and costs without a hearing; (6) the sufficiency of the evidence supporting the finding of her ability to pay fees and costs; and (7) whether the judgments should be reformed to correct the identity of her trial counsel. We affirm the judgments as reformed.

## BACKGROUND

Appellant was previously convicted of a felony for evading arrest in 2016 and was released on parole. While on parole, Appellant lived in her parents' home on the rural eastern edge of Amarillo. On Valentine's Day 2023, Appellant's ex-husband, after picking up their two young sons from school, arrived in his truck across the street at Appellant's neighbor's house. He was picking up the neighbor to babysit their boys at his home while he went to work in the evening. According to the neighbor, Appellant appeared on the road in front of the neighbor's house, threatened her ex-husband, and then fired a small, black handgun at his truck as he drove away. A bullet struck the rear driver's side tire of the ex-husband's truck as he sped away. She then pointed the gun at the neighbor, threatening her to stay away from her husband and children. A sheriff's deputy responding to the scene discovered a single bullet casing in the middle of the street.

Appellant was arrested and indicted on two counts: (1) unlawful possession of a firearm by a felon, and (2) aggravated assault with a deadly weapon. In the guilt/innocence phase of her trial, the State introduced the testimony of Appellant's parole officer, the sheriff's deputy who responded to the scene, and the neighbor.[2] The other evidence at trial consisted of:

---

[2] Appellant's ex-husband filed an affidavit of non-prosecution and did not testify at trial.

- photographs of the bullet casing found at the scene,

- pictures of the punctured tire,

- Google maps of the area in which the incident took place, and

- copies of three prior judgments of convictions against Appellant, including a 2016 felony judgment for evading arrest.

Appellant did not present any evidence in her defense. The jury found her guilty of both counts and sentenced her to six and ten years of imprisonment, respectively. Post conviction, the trial court denied without hearing Appellant's motion for new trial, and also did not conduct a hearing on her ability to pay fees and costs.

## ISSUE ONE—TRIAL COURT'S DENIAL OF NEW TRIAL WITHOUT HEARING

Appellant's first issue complains the trial court denied her motion for new trial without hearing.

## STANDARD OF REVIEW

When examining a trial court's denial of a hearing on a motion for new trial, we review for an abuse of discretion. *Smith v. State*, 286 S.W.3d 333, 339 (Tex. Crim. App. 2009) (citations omitted). In so doing, we reverse only when the trial judge's decision was so clearly wrong as to lie outside that zone within which reasonable persons might disagree. *Id.* (citations and internal quotations omitted).

## ANALYSIS

A motion for new trial must be "presented" to the trial court within ten days of its filing. *Obella v. State*, 532 S.W.3d 405, 407 (Tex. Crim. App. 2017) (citing TEX. R. APP. P. 21.6). This means the defendant must give the trial court actual notice that he timely

3

filed a motion for new trial and requests a hearing. *Obella*, 532 S.W.3d at 407 (citing *Rozell v. State*, 176 S.W.3d 228, 230 (Tex. Crim. App. 2005)). Appellant failed to file a notice with the trial court within the ten-day period requesting a hearing on her motion. Accordingly, she failed to preserve error on this issue. *Cf. Montelongo v. State*, 623 S.W.3d 819, 824 (Tex. Crim. App. 2021) (timely filed motion for new trial and request for hearing preserved error on trial court's refusal to hold hearing). Appellant's first issue is overruled.

**ISSUE TWO—SUFFICIENCY OF THE EVIDENCE**

For her second issue, Appellant challenges the sufficiency of the evidence supporting her convictions.

**STANDARD OF REVIEW**

The only standard a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense the State is required to prove beyond a reasonable doubt is the standard set forth in *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979). *See Adames v. State*, 353 S.W.3d 854, 859 (Tex. Crim. App. 2011). We consider all the evidence in the light most favorable to the verdict and determine whether, based on that evidence and reasonable inferences to be drawn therefrom, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Dobbs v. State*, 434 S.W.3d 166, 170 (Tex. Crim. App. 2014) (citing *Jackson*, 443 U.S. at 318–19).

4

**ANALYSIS**

The evidence presented by the State at trial consisted of the following:

- Appellant's parole officer's testimony she was on parole for her prior felony conviction for evading arrest at the time of the incident;

- eyewitness testimony from the neighbor Appellant held a gun in her hand and

  – pointed the gun at her ex-husband and threatened him;

  – fired the gun at her ex-husband's truck as he sped away; and

  – pointed the gun at the neighbor and threatened her;

- pictures of the tire punctured by a bullet;

- pictures of a bullet shell casing found at the scene;

- testimony of the sheriff's deputy stating the shell casing indicated a firearm was discharged.

We first examine the sufficiency of the evidence with respect to the offense of unlawful possession of a firearm by a convicted felon. A person commits the offense of unlawful possession of a firearm if the person:

(1) was previously convicted of a felony, and

(2) possesses a firearm,

(3) before the fifth anniversary of the person's release from confinement following conviction of the felony or the person's release from supervision under community supervision, parole, or mandatory supervision, whichever date is later.

TEX. PENAL CODE ANN. § 46.06(a)(1).

5

In this case, the testimony of Appellant's parole officer established the incident occurred before the fifth anniversary of her release from parole—she was still on parole when the incident occurred. The sheriff's deputy's testimony established a bullet hit a tire of her ex-husband's truck, and a firearm was fired at the scene. And, finally, the neighbor's testimony established Appellant held a gun in her hand at the time of the incident, fired the gun at her ex-husband, and then threatened the neighbor with the gun. Taken together, the evidence demonstrates Appellant had a firearm in her possession at the time she was still on parole for her prior felony conviction. The cumulative force of this evidence is sufficient to support the conviction for unlawful possession of a firearm.

The same evidence was provided to prove the elements of aggravated assault, which a person commits if the person:

(1) intentionally or knowingly,

(2) threatens another,

(3) with imminent bodily injury, and

(4) uses or exhibits a deadly weapon during the commission of the assault.

TEX. PENAL CODE ANN. §§ 22.01(a)(2), 22.02(a)(2).

The evidence of aggravated assault primarily comes from the testimony of the neighbor, who testified Appellant pointed a gun at her and threatened to kill her. This evidence satisfies the elements of aggravated assault. TEX. PENAL CODE ANN. § 1.07(a)(17)(A). Again, the cumulative force of this evidence is sufficient to support the conviction for aggravated assault.

6

Nonetheless, Appellant argues there is evidence missing with regard to one particular element in common with both offenses: that she actually possessed a firearm at the time of the commission of the offenses. She complains there was no other evidence to corroborate the eyewitness testimony of the neighbor, including:

- no firearm recovered by investigators;
- her fingerprints were not found on the shell casing;
- no gun powder residue was found on her hands; and
- no evidence the firearm, if any, was operable at the time.

Substantively, these are complaints regarding the investigation itself, which did not attempt to recover a firearm, test for fingerprints, or test for gun powder residue. However, in conducting a sufficiency analysis, this Court reviews the evidence presented at trial and not the adequacy of law enforcement's investigation. *Robledo v. State*, No. 07-23-00291-CR, 2024 Tex. App. LEXIS 4563, at *6 (Tex. App.—Amarillo June 28, 2024, no pet. h.) (mem. op., not designate for publication) (citing *Badger v. State*, No. 02-18-00475-CR, 2019 Tex. App. LEXIS 9037, at *13 n.5 (Tex. App.—Fort Worth Oct. 10, 2019, pet. ref'd) (mem. op., not designated for publication)). Nor do we speculate on the lack of evidence presented by the State. *Id.* Moreover, the testimony of a single eyewitness may constitute legally sufficient evidence to support a conviction. *Randell v. State*, No. 07-11-00493-CR, 2013 Tex. App. LEXIS 742, at *8 (Tex. App.—Amarillo Jan. 25, 2013, pet. ref'd) (mem. op., not designated for publication) (citing *Davis v. State*, 177 S.W.3d 355, 359 (Tex. App.—Houston [1st Dist.] 2005, no pet.)); *Aguilar v. State*, 468 S.W.2d 75, 77 (Tex. Crim. App. 1971). It is well established that the factfinder is entitled to judge the credibility of witnesses and can choose to believe all, some, or none of the testimony

7

presented by the parties. *Womack v. State*, No. 07-19-00399-CR, 2021 Tex. App. LEXIS 6091, at *8 (Tex. App.—Amarillo July 29, 2021, pet. ref'd) (mem. op., not designated for publication) (citing *Chambers v. State*, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991)). A jury is entitled to accept one version of the facts and reject another or reject any of a witness's testimony. *Penagraph v. State*, 623 S.W.2d 341, 343 (Tex. Crim. App. 1981) (citations omitted); *accord Chambers*, 805 S.W.2d at 461. Here, the physical evidence did not contradict the neighbor's testimony, and no other evidence was presented to contradict her retelling of events. The jury chose to credit the testimony of the neighbor, which alone was sufficient to uphold its finding Appellant committed the offenses beyond a reasonable doubt. We overrule Appellant's second issue.

### ISSUES THREE AND FOUR—CONSTITUTIONALITY OF FELON IN POSSESSION OF FIREARM STATUTE

### STANDARD OF REVIEW

We review constitutional claims implicating both issues of fact and law under a bifurcated standard of review: fact findings are reviewed for an abuse of discretion, while applications of law are reviewed de novo. *See State v. Ruiz*, 581 S.W.3d 782, 785 (Tex. Crim. App. 2019) (bifurcated review applied to Fourth Amendment suppression claims); *State v. Lopez*, 631 S.W.3d 107, 114 (Tex. Crim. App. 2021) (bifurcated review applied to Sixth Amendment speedy trial claims).

### ANALYSIS

Appellant's third and fourth issues challenge the constitutionality of Texas Penal Code Section 46.04(a) facially and as applied, respectively. However, even constitutional

challenges may be waived if not properly preserved, and the requirement for error preservation applies to both challenges that a statute is unconstitutional on its face or as applied to the appellant. *In re Commitment of Andrew Pena*, No. 07-21-00170-CV, 2022 Tex. App. LEXIS 4081, at *4–5 (Tex. App.—Amarillo June 15, 2022, pet. denied) (mem. op.) (citing *In re L.M.I.*, 119 S.W.3d 707, 711 (Tex. 2003); *Karenev v. State*, 281 S.W.3d 428, 434 (Tex. Crim. App. 2009)). Appellant argues, under the United States Supreme Court's recent decision in *N.Y. State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022), her right to bear a firearm is rooted in the Second Amendment and therefore a so-called "*Marin* category one right"—a "systemic" right of a constitutional nature which may not be waived and whose violation may be raised for the first time on appeal. *Marin v. State*, 851 S.W.2d 275, 278–80 (Tex. Crim. App. 1993).

However, this Court has previously held the Second Amendment is a waivable "*Marin* category three" right. *Wilson v. State*, No. 07-20-00148-CR, 2021 Tex. App. LEXIS 1396, at *17 (Tex. App.—Amarillo Feb. 25, 2021, no pet.) (mem. op., not designated for publication). *See also Ferguson v. Tex. Dep't of Pub. Safety*, 629 S.W.3d 903, 904 (Tex. 2021) (Second Amendment argument waived without objection to preserve error). Although our prior opinion was issued before the *Bruen* decision from the US Supreme Court, Appellant has not pointed us to any recent opinions from the Court of Criminal Appeals identifying the right to bear arms as a "systemic" or "waivable-only" right. Without any authority overruling our prior decision, we are bound by our own prior precedent, and Appellant was required to raise the issue with the trial court in order to preserve the error for our review. *Mitschke v. Borromeo*, 645 S.W.3d 251, 256–57 (Tex. 2022) (three-judge

panels must follow materially indistinguishable decisions of earlier panels of the same court unless a higher authority has superseded that prior decision).

As the State has pointed out, no motion, objection, or request was made with the trial court at any time regarding her constitutional rights under the Second Amendment of the United States Constitution.  Therefore, error was not preserved for our review.  TEX. R. APP. P. 33.1.  Appellant's third and fourth issues are overruled.

**ISSUES FIVE AND SIX—DETERMINATION OF ABILITY TO PAY FEES AND COSTS**

The fifth and sixth issues raised by Appellant challenge the trial court's determination of her ability to pay fees and costs under Article 42.15 of the Texas Code of Criminal Procedure.  TEX. CODE CRIM. PROC. ANN. art 42.15(a-1).  Her fifth issue complains the trial court abused its discretion by failing to hold a hearing on her ability to pay, while her sixth issue challenges the sufficiency of the evidence of her ability to pay.

With respect to her fifth issue, Appellant acknowledges our decision in *Stanberry v. State*, No. 07-23-00194-CR, 2024 Tex. App. LEXIS 1066, at *6 (Tex. App.—Amarillo Feb. 9, 2024, pet. filed) (mem. op., not designated for publication), which followed our sister court's decision in *Sloan v. State*, 676 S.W.3d 240, 242 (Tex. App.—Tyler 2023, no pet.), and found no abuse of discretion in the trial court's failure to hold a hearing. Appellant is critical of both *Sloan* and our decision to follow our sister court's opinion.  Her sixth issue complains the evidence supporting the trial court's determination of her ability to pay after release is insufficient *because* there was no formal hearing on the record.[3]

---

[3] Indeed, there is absent from the record any evidence regarding Appellant's ability to pay whatsoever, and there is nothing for us to review except the bare conclusory finding of the trial court.

We do not reach the merits of her arguments, however, because the Texas Court of Criminal Appeals recently held that "because the [ability-to-pay] inquiry is not fundamental to the functioning of our adjudicatory system, [an appellant] forfeit[s] his complaint when he fail[s] to object in the trial court." *Upson v. State*, No. 07-24-00008-CR, 2024 Tex. App. LEXIS 6801, at *6 (Tex. App.—Amarillo Sep. 16, 2024, no pet. h.) (mem. op., not designated for publication) (quoting *Cruz v. State*, ___S.W.3d___, No. PD-0628-23, 2024 Tex. Crim. App. LEXIS 653, at *14 (Tex. Crim. App. Sept. 4, 2024)).[4] We find no objection, motion, or request by Appellant in the record, and therefore the issues have not been preserved for review. TEX. R. APP. P. 33.1.[5] We overrule her fifth and sixth issues.

**ISSUE SEVEN—CORRECTION OF IDENTITY OF TRIAL COUNSEL**

Appellant's seventh and final issue is the judgment incorrectly identifies Donna Christie as her trial counsel. According to the record, Christie was appointed as appellate counsel, and her trial counsel was Michael A. Warner. The State has conceded this error and agrees the judgment should be reformed to accurately reflect her trial counsel. Appellant's seventh issue is sustained.

**CONCLUSION**

The judgments of conviction are affirmed in part and modified in part. In order to correct the identification of Appellant's trial counsel, we modify the trial court's *Judgment*

---

[4] We acknowledge Appellant did not have the benefit of the *Cruz* opinion at the time of the filing of her appellate brief.

[5] Even if we were to find the issue preserved for review, the issue appears to be moot: the *Bill of Cost* indicates "$0.00" was assessed for each item and the total "Remaining Amount Due" is "$0.00."

11

*of Conviction by Jury*, signed by the court on January 5, 2024, at 8:41 a.m., whereby Appellant was convicted of "UNL POSS FIREARM BY FELON," by deleting the following entry under the section entitled "Attorney for Defendant":

DONNA CHRISTIE

and we add the following in its place:

MICHAEL A. WARNER

We also modify the trial court's *Judgment of Conviction by Jury*, signed by the court on January 5, 2024, at 8:40 a.m., whereby Appellant was convicted of "AGG ASSAULT W/DEADLY WEAPON," by deleting the following entry under the section entitled "Attorney for Defendant":

DONNA CHRISTIE

and we add the following in its place:

MICHAEL A. WARNER

We affirm both judgments as modified.

Alex Yarbrough
Justice

Do not publish.